**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION**

**CASE NO. 17-cv-61019**

ARTURO RUBINSTEIN, individually,
FAB ROCK INVESTMENTS, LLC,
a Nevada limited liability company,
and OCEANSIDE MILE, LLC, a
Florida limited liability company

      Plaintiffs,

v.

THE KESHET INTER VIVOS TRUST,
YORAM YEHUDA, individually,
SHARONA YEHUDA, individually,
KARIN YEHUDA, individually, THE
MAYO GROUP, LLC, a Florida limited
liability company, MAZLIACH A/K/A
"BOOBOO" GAMLIEL, individually,
EYAL GAMLIEL, individually, YORAM
ELIYAHU, individually, BRIDGE TO
THE FUTURE, LLC, a Florida limited
liability company, MIKE SEDAGHATI,
individually, ORIT MAIMON, individually,
STONEGATE BANK, a Florida for-profit
corporation, BNH IV HM TRI, LLC, a
Florida limited liability company, and 1159
HILLSBORO MILE, LLC, a Florida limited
liability company

      Defendants.

_____/

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

    Plaintiffs ARTURO RUBINSTEIN, FAB ROCK INVESTMENTS LLC and

OCEANSIDE MILE LLC, by and through the undersigned counsel, hereby file their Amended

Complaint for Damages against THE KESHET INTER VIVOS TRUST, YORAM YEHUDA,

SHARONA YEHUDA, KARIN YEHUDA, THE MAYO GROUP, LLC, MAZLIACH A/K/A

"BOOBOO" GAMLIEL, EYAL GAMLIEL, YORAM ELIYAHU, BRIDGE TO THE FUTURE,

LLC, MIKE SEDAGHATI, ORIT MAIMON, STONEGATE BANK, BNH IV HM TRI, LLC,

and 1159 HILLSBORO MILE, LLC, and demand a trial by jury based on the following allegations:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the instant action pursuant to

18 U.S.C. § 1964.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because

the property that is the subject of the instant action is situated in this judicial district.

## PARTIES

3.      Plaintiff ARTURO RUBINSTEIN ("RUBINSTEIN") is and was, at all times

material hereto, an individual residing in Los Angeles, California.  RUBINSTEIN is the managing

member of FAB ROCK INVESTMENTS LLC and OCEANSIDE MILE LLC.

4.      FAB ROCK INVESTMENTS LLC ("FAB ROCK") is and was, at all times

material hereto, a Nevada limited liability company with its principal address at 20800 Dearborn

Street, Chatsworth, California, 91311.

5.      OCEANSIDE MILE LLC ("OCEANSIDE") is and was, at all times material

hereto, a Florida limited liability company with its principal address at 1159 Hillsboro Mile,

Hillsboro Beach, Florida, 33062.

6.      The KESHET INTER VIVOS TRUST ("KESHET") is managed by Defendant

SHARONA YEHUDA, who is residing in Los Angeles, California.

7.      Defendant YORAM YEHUDA ("YORAM") is and was, at all times material

hereto, an individual residing in Los Angeles, California.

8.     Defendant SHARONA YEHUDA ("SHARONA") is and was, at all times material hereto, an individual residing in Los Angeles, California.

9.     Defendant KARIN YEHUDA ("KARIN") is and was, at all times material hereto, an individual residing in Los Angeles, California, and was the authorized representative and manager of FAB ROCK One LLC, a Florida limited liability company that has been dissolved.

10.     Defendant THE MAYO GROUP, LLC ("MAYO") is and was, at all times material hereto, a Florida limited liability company with its principal address at 48 South Service Road, Suite 404, Melville, New York 11747.

11.     Defendant MAZLIACH A/K/A "BOOBOO" GAMLIEL ("BOOBOO") is and was, at all times material hereto, an individual residing in Los Angeles, California.

12.     Defendant EYAL GAMLIEL ("EYAL") is and was, at all times material hereto, an individual residing in Los Angeles, California.

13.     Defendant YORAM ELIYAHU ("ELIYAHU") is and was, at all times material hereto, an individual residing in Melville, New York.

14.     Defendant BRIDGE TO THE FUTURE, LLC ("BRIDGE") is and was, at all times material hereto, a Florida limited liability company with its principal address at 135 Oceana Drive E, PH1C, Brooklyn, New York 11235.

15.     Defendant MIKE SEDAGHATI ("SEDAGHATI") is and was, at all times material hereto, an individual residing in Brooklyn, New York.

16.     Defendant ORIT MAIMON ("MAIMON") is and was, at all times material hereto, an individual residing in Los Angeles, California.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

17.     Defendant STONEGATE BANK ("STONEGATE") is and was, at all times material hereto, a Florida for-profit corporation with its principal address at 400 North Federal Highway, Pompano Beach, Florida 33062.

18.     Defendant BNH IV HM TRI, LLC ("BNH") is and was, at all times material hereto, a Florida limited liability company with its principal address at 21500 Biscayne Boulevard, Suite 302, Aventura, Florida 33180.

19.     Defendant 1159 HILLSBORO MILE, LLC ("HILLSBORO") is and was, at all times material hereto, a Florida limited liability company with its principal address at 21500 Biscayne Boulevard, Suite 302, Aventura, Florida 33180.

## FACTS COMMON TO ALL COUNTS

20.     On or around February 1, 2007 YORAM and SHARONA entered into the Operating Agreement of Oceanside Mile, LLC ("Operating Agreement") for the purpose of purchasing, renovating, and operating the Sea Bonay Beach Resort ("Hotel") located at 1159 Hillsboro Mile, Pompano Beach, Florida.  See **Exhibit A**, attached hereto.

21.     Subsequent to entering into the Operating Agreement, YORAM and SHARONA transferred their interests to KESHET.  Additionally, in order to raise the money needed to purchase the Hotel, OCEANSIDE's equity was sold to MAYO, MAIMON, and BRIDGE. OCEANSIDE's memberships interests were divided so that KESHET maintained 50.5%, MAYO maintained 33%, and MAIMON and BRIDGE each maintained 8.25%.  See **Exhibit B**, attached hereto.

22.     In order to purchase, renovate, and operate the Hotel, OCEANSIDE received a loan for approximately $6.5 million from Sun America Bank, which was later assigned to First Citizens

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Bank.  The First Citizens loan was secured by a mortgage against the Hotel and the property surrounding and beneath the Hotel, which was included with the purchase of the Hotel.

23.     Despite several extensions on the First Citizens loan, the maturity date was approaching and OCEANSIDE did not have the ability to pay off the loan.

24.     Upon information and belief, YORAM and SHARONA were informed by First Citizens that it would extend the maturity date further, but only if OCEANSIDE could provide a qualified guarantor.  Upon further information and belief, First Citizens informed YORAM and SHARONA that they would not qualify as guarantors due to prior bankruptcies and bad credit.

25.     It was at this point, in or around January of 2012, that YORAM and SHARONA hatched a scheme to induce their friend RUBINSTEIN to guaranty the First Citizens loan.  More particularly, YORAM and SHARONA told RUBINSTEIN about First Citizens' demand for a qualified guarantor and that they did not qualify.   YORAM and SHARONA further told RUBINSTEIN that unless the First Citizens loan was extended, they would lose the Hotel in foreclosure.

26.     Rather than lose the Hotel, YORAM and SHARONA proposed to RUBINSTEIN that he acquire KESHET's 50.5% interest in the Hotel and thereafter offer his personal guaranty of the First Citizens loan.  In return, YORAM and SHARONA requested that they be permitted to continue to manage the Hotel and earn fees therefrom.

27.     RUBINSTEIN agreed to the proposal made by YORAM and SHARONA.  The parties' understanding was oral (the "Oral Agreement"), and was not reduced to writing.

28.     In accordance with the Oral Agreement, FAB ROCK, KESHET and all of the other members of OCEANSIDE (MAYO, MAIMON and BRIDGE) executed an Assignment of LLC Interest dated January 2, 2012 (the "Assignment"), transferring KESHET's 50.5% interest in

5

OCEANSIDE to FAB ROCK.  The Assignment further provided that FAB ROCK "shall also be Managing Member of [OCEANSIDE] upon execution of this Assignment."  See **Exhibit C**, attached hereto.

29.     Upon information and belief, YORAM, SHARONA, MAYO, MAIMON and BRIDGE never intended that the Assignment be permanent.  Rather, it was their intent to stave off foreclosure by fraudulently inducing RUBINSTEIN to guaranty the First Citizens loan through what appeared to be a permanent assignment of KESHET's 50.5% interest in OCEANSIDE, which the Defendants would later recant, rescind, unwind or otherwise undo.

30.     As it turned out, First Citizens refused to extend the maturity of its loan, even with a guaranty from RUBINSTEIN.  Therefore, days before the loan matured, the members of OCEANSIDE agreed to file for bankruptcy.  Consequently, on October 17, 2013, OCEANSIDE, through its managing member FAB ROCK, filed a voluntary Chapter 11 Bankruptcy in the Central District of California, Case No.: 2:13-bk-35286-BR (the "Oceanside Bankruptcy").  See **Composite Exhibit D**, attached hereto.

31.     During the pendency of the Oceanside Bankruptcy, FAB ROCK executed many bankruptcy-related documents as OCEANSIDE's managing member.  FAB ROCK also paid $237,000.00 for OCEANSIDE's bankruptcy counsel. See **Exhibit E**, attached hereto.

32.     In or around October of 2014, OCEANSIDE received an offer of financing from STONEGATE.  The amount that STONEGATE would agree to lend, however, was several hundred thousand dollars less than the amount due to First Citizens.  At that point, YORAM and SHARONA – who were still actively involved in the operation of the Hotel as its managers – asked RUBINSTEIN to pay down the First Citizens loan by $500,000.00 so that the balance could be

paid off through the loan from STONEGATE and to personally guaranty the STONEGATE loan, as the personal guaranty was still required and they knew they would not qualify for same.

33.     When RUBINSTEIN initially agreed to take an assignment of KESHET's 50.5% interest in OCEANSIDE, he understood that his obligations were limited to: (a) personally guarantying OCEANSIDE's loan from a bank; and (b) allowing YORAM and SHARONA to manage the Hotel.  Nonetheless, with the hope that the Hotel would eventually emerge from bankruptcy and become a profitable investment, RUBINSTEIN agreed to pay down the First Citizens loan by $500,000.00, and he did so through FAB ROCK.  He also personally guaranteed the STONEGATE loan. See **Exhibit F** and **Exhibit G**, attached hereto.

34.     On or about October 30, 2014, OCEANSIDE executed a promissory note wherein STONEGATE provided a loan of $5,202,000.00.  See **Exhibit H**, attached hereto.

35.     As the goal of the Oceanside Bankruptcy had been achieved, OCEANSIDE dismissed its bankruptcy case on February 18, 2015.  See **Exhibit I**, attached hereto.  It was at this point that YORAM and SHARONA began to take steps to seize control of OCEANSIDE from FAB ROCK.

36.     First, on or about August 17, 2015, YORAM and SHARONA created Fabrock One, LLC, a Florida limited liability company, and set KARIN to be the manager.  Upon information and belief, this action was taken to substitute Fabrock One for FAB ROCK as the 50.5% owner of OCEANSIDE in an effort to defraud third parties so that it appeared as if FAB ROCK was conducting and involved in OCEANSIDE's affairs, when in reality, it was merely Fabrock One purporting to be FAB ROCK.  To further convince third parties that Fab Rock One and FAB ROCK were one in the same, SHARONA, YORAM, and KARIN employed the same company to serve as Fab Rock One's registered agent.  See **Exhibit J**, attached hereto.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

37.     Next, YORAM and SHARONA falsely made, altered, forged or counterfeited OCEANSIDE's "K-1" tax return with FAB ROCK's name on it, but with the address of the Hotel (which YORAM and SHARONA managed) and Fabrock One's Employer Identification Number. See **Composite Exhibit K**, attached hereto (2012-2014 K-1 forms with changed EIN for FAB ROCK).

38.     To further create the appearance of RUBINSTEIN and/or FAB ROCK's disassociation with OCEANSIDE, SHARONA and YORAM falsely made, altered, forged or counterfeited several Annual Reports and other official documentation by mail containing false, fictitious, or fraudulent statements or representations, and/or making or using a false document:

a.      On or about October 22, 2015, SHARONA and YORAM filed the Amended Annual Report for OCEANSIDE via mail wherein SHARONA fraudulently made herself the registered agent of OCEANSIDE. See **Exhibit L**, attached hereto.

b.      On or about November 24, 2015, SHARONA and YORAM filed the Amended Annual Report for OCEANSIDE via mail wherein SHARONA fraudulently made herself the managing member of OCEANSIDE.  See **Exhibit M**, attached hereto.  Notably, this was filed before KESHET purports to have "exercised its option" to take back the 50.5% interest in OCEANSIDE on December 10, 2015. See **Composite Exhibit N**, attached hereto.

c.      On or about February 9, 2016, SHARONA and YORAM filed the 2016 Annual Report for OCEANSIDE via mail wherein SHARONA fraudulently

8

made herself the registered agent and managing member of OCEANSIDE. See **Exhibit O**, attached hereto.

d.  On or about January 13, 2017, SHARONA and YORAM filed the 2017 Annual Report for OCEANSIDE via mail wherein SHARONA fraudulently made herself the registered agent and managing member of OCEANSIDE. See **Exhibit P**, attached hereto.

e.  On or about April 26, 2017, SHARONA and YORAM filed the Articles of Amendment to the Articles of Organization for OCEANSIDE via mail wherein they fraudulently purport that the managing member has changed from YORAM to SHARONA. See **Exhibit Q**, attached hereto.

39.  Subsequently, YORAM and SHARONA created two documents to further their scheme of stealing FAB ROCK's interest in OCEANSIDE.  RUBINSTEIN had no knowledge of these documents, and his signature was forged on both.

a.  The first document is called the "Agreement Re: Sale of Membership Interest and Profit Sharing," in which KESHET agreed to assign its 50.5% interest in OCEANSIDE to FAB ROCK. See **Exhibit R**, attached hereto**.**

b.  The second document is called the "Modification/Amendment to the Agreement Re: Sale of Membership Interest," in which FAB ROCK purportedly granted KESHET an open and irrevocable option to reacquire the 50.5% interest for no consideration.   See **Exhibit S**, attached hereto.

40.  On or about June 16, 2016, after uncovering certain improprieties rendering YORAM and SHARONA's management of the Hotel to be unfit, OCEANSIDE demanded that YORAM and SHARONA turn over management of the Hotel to RUBINSTEIN.  YORAM and

SHARONA did not comply and continued operating the Hotel's business and affairs.  See **Exhibit T**, attached hereto.

41.     On August 9, 2016, OCEANSIDE filed a lawsuit against YORAM, SHARONA and KESHET in the Superior Court for Los Angeles County, California, through which OCEANSIDE sought to remove YORAM and SHARONA from the operation of the Hotel (the "California Action").  See **Exhibit U**, attached hereto.

42.     On or about December 13, 2016, YORAM and SHARONA filed a Motion to Compel Arbitration in the California Action, wherein they argued that there was a dispute as to who owns the 50.5% interest in OCEANSIDE, and that said dispute was subject to the arbitration clause in OCEANSIDE's Operating Agreement.

43.     On February 9, 2017, OCEANSIDE filed a Motion for a Preliminary Injunction against YORAM and SHARONA in the California Action.  See **Exhibit V**, attached hereto.

44.     On or about February 27, 2017, YORAM and SHARONA filed an Opposition to the Motion for Preliminary Injunction, wherein they again argued that KESHET had exercised its option to reacquire the 50.5% interest in OCEANSIDE, and that therefore YORAM and SHARONA had the right to manage the Hotel and OCEANSIDE.  In support of their Motion, SHARONA submitted a sworn Declaration wherein she stated that she had exercised KESHET's purported option to reacquire FAB ROCK's 50.5% interest in OCEANSIDE.  See **Exhibit W**, attached hereto.  YORAM and SHARONA's Opposition was supported by sworn Declarations submitted by BOOBOO, MAIMON and SEDAGHATI, each of whom acknowledged that they were aware of the dispute as to the ownership of the 50.5% interest in OCEANSIDE, and were aware that FAB ROCK was, at least at one point, the managing member of OCEANSIDE.  See **Composite Exhibit X**, attached hereto.

45.     Further, these Declarations, sworn and submitted to the court, fraudulently state that KESHET is the current managing member of OCEANSIDE, despite SHARONA, YORAM, BOOBOO, SEDAGHATI, and MAIMON's knowledge that FAB ROCK is the managing member of OCEANSIDE.

46.     While OCEANSIDE's Motion for Preliminary Injunction was pending, YORAM, SHARONA, KESHET, MAYO (through BOOBOO), BRIDGE (through SEDAGHATI) and MAIMON conspired and agreed to sell the Hotel without notice to FAB ROCK.

47.     On or about April 26, MAYO (through BOOBOO), BRIDGE (through SEDAGHATI), and MAIMON held a meeting with SHARONA where they reached an agreement to authorize SHARONA to execute and deliver any and all documents related to the sale of the Hotel and execute and deliver any and all documents associated therewith.  See **Exhibit Y**, attached hereto.

48.     On April 28, 2017, the Hotel was sold to BNH and HILLSBORO on OCEANSIDE's behalf for $13,500,000.00.  The deed indicates that SHARONA signed on OCEANSIDE's behalf as the "sole manager." See **Exhibit Z**, attached hereto.  In fact, the manager at the time was, and continues to be, FAB ROCK.  As such, SHARONA had no authority to sign a deed on behalf of OCEANSIDE.

49.     STONEGATE's loan was paid in full by the Hotel sale's proceeds. See **Exhibit AA**, attached hereto.

50.     BNH and HILLSBORO hired Chicago Title Insurance Company ("Chicago Title") as their agents in connection with their acquisition of the Hotel.  See **Exhibit BB**, attached hereto.

51.     Chicago Title required the production of various documents and information by SHARONA on behalf of the sellers.  See **Exhibit CC**, attached hereto.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

52.     Throughout Chicago Title's work in connection with the sale and acquisition of the Hotel, Chicago Title communicated directly with YORAM, indirectly with SHARONA AND YORAM (through their attorney Steven Braverman), directly with the BNH and HILLSBORO's officers and directors (including Jarret Freedman and Daniel Lebensohn), and indirectly with BNH and HILLSBORO (through their attorney, William Mason, from Stearns Weaver).  See **Composite Exhibit DD**, attached hereto.

53.     On or about May 9, 2017, in connection with the California Action, Brian Grossman, Esq., counsel for OCEANSIDE in the California Action, subpoenaed Chicago Title for their entire file.  See **Composite Exhibit EE**, attached hereto.  The contents of the file kept by Chicago Title in connection with the sale of the Hotel shows that BNH and 1159 HILLSBORO, by way of Chicago Title, knew that SHARONA was lying.  The documentation reflecting SHARONA's lies include:

    a.      OCEANSIDE's bankruptcy filings, and the Limited Liability Company affidavit, signed by SHARONA, attesting that OCEANSIDE had never filed for bankruptcy.  See **Composite Exhibit FF**, attached hereto.

    b.      An email chain showing SHARONA and YORAM's attempts to defraud the brokers who helped facilitate the sale of the Hotel. See **Composite Exhibit GG**, attached hereto.

    c.      Documents purporting that RUBINSTEIN and/or FAB ROCK were managing members of OCEANSIDE, such as bankruptcy filings, the Mortgage and Security Agreement with STONEGATE, the Collateral Assignment of Leases Rents and Incomes with STONEGATE, and Annual Reports from 2014 and 2015.  It is significant that despite Chicago Title

requiring SHARONA to produce all of OCEANSIDE's operating agreements and amendments thereto, none exist in its file reflecting RUBINSTEIN and/or FAB ROCK were managing members of OCEANSIDE at any point. See **Composite Exhibit HH**, attached hereto.

54.     This is not the first time Chicago Title has dealt with SHARONA, YORAM, and KESHET in a manner in which SHARONA, YORAM, and KESHET engaged in fraudulent conduct. See **Composite Exhibit II**, attached hereto.

55.     As a result of the aforementioned activity of Defendants, Plaintiffs have been irreparably harmed, and will continue to be harmed without relief from Defendants.

## COUNT I: CIVIL CONSPIRACY UNDER FEDERAL RICO
### 18 U.S.C. § 1962(c)
### (YORAM YEHUDA and SHARONA YEHUDA)

56.     Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

57.     YORAM and SHARONA are "persons" as defined by 18 U.S.C. § 1961(3).

58.     YORAM and SHARONA have been members of and constitute an "association-in-fact enterprise" within the meaning of 18 U.S.C. § 1961(4), and will be referred to herein collectively as the RICO Enterprise.

59.     YORAM and SHARONA violated 18 U.S.C. § 1962(c) by participating in or conducting the affairs of the RICO Enterprise, whose activities affect interstate commerce, through a pattern of racketeering.

60.     Plaintiffs are persons injured in their business or property as a result of YORAM and SHARONA's violation of RICO as defined by 18 U.S.C. § 1964(c).

61.     The RICO Enterprise was engaged in or affects interstate commerce.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

62.     The scheme has occurred throughout a series of predicate acts over the course of a number of years thus sufficient to amount to the level of a RICO enterprise.

63.     YORAM and SHARONA's scheme is the legal and proximate cause of Plaintiffs' damages.

64.     The members of the RICO Enterprise are, and have been, joined in a common purpose, have relationships with and among each other, and have associated through time sufficient to permit those associated to pursue the enterprise's purpose. YORAM and SHARONA needed and depended upon the participation of each other to accomplish their common purpose: i.e., stealing FAB ROCK's investment in OCEANSIDE by selling the Hotel without FAB ROCK and/or RUBINSTEIN's knowledge or authority and keeping the proceeds for themselves.

65.     YORAM and SHARONA have each willingly or knowingly conducted and/or participated, directly or indirectly, in the conduct of the RICO Enterprise's affairs through a "pattern of racketeering activity" over a substantial period of time from 2007 through 2017, as defined by 18 U.S.C. § § 1961(1) and 1961(5) and consisting of:

      a.     A scheme to defraud third parties and using the mail to execute this scheme in violation of 18 U.S.C. § 1341;

      b.     The transfer, possession, or use, knowingly and without lawful authority, of RUBINSTEIN's fraudulent signature with the intent to commit, or to aid or abet, or in connection with, a felony under Florida law, specifically Florida Statutes §§ 817.155 and 831.01, in violation of 18 U.S.C. § 1028; and

      c.     The execution of a scheme that successfully obtained the Hotel, which was subject to STONEGATE's ownership or control or custody, by means of false or fraudulent pretenses in violation of 18 U.S.C. § 1344.

14

66.     These acts of racketeering constitute a pattern of racketeering as governed by 18 U.S.C. § 1961(5).

67.     These predicate acts were related to one another to serve YORAM and SHARONA's common purpose: i.e., stealing FAB ROCK's investment in OCEANSIDE by selling the Hotel without FAB ROCK and/or RUBINSTEIN's knowledge or authority and keeping the proceeds for themselves.

68.     RUBINSTEIN, FAB ROCK, and OCEANSIDE have been injured in their business and property as a result of YORAM and SHARONA's misconduct and actions described above, and have further incurred significant expenses in bringing forth litigation to address the actions and misconduct.

69.     As a direct and proximate result of YORAM and SHARONA's actions and misconduct, RUBINSTEIN, FAB ROCK, and OCEANSIDE suffered and continue to suffer monetary and equitable damages, and are therefore entitled to recover damages in connection with Defendants' actions, as well as attorneys' fees and costs pursuant to 18 U.S.C. § 1964.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, treble damages, attorneys' fees and costs, plus pre-judgment interest, court costs, and for any and all other relief that this Court may deem just and proper.

### COUNT II: CIVIL CONSPIRACY UNDER FLORIDA RICO
### FLA. STAT. §§ 895.03(3)
### (YORAM YEHUDA and SHARONA YEHUDA)

70.     Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

71.     YORAM and SHARONA have been members of and constitute an "association-in-fact enterprise" within the meaning of 895.02(5), and will be referred to herein collectively as the Florida RICO Enterprise.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

72.     YORAM and SHARONA violated 895.03(3) by participating in or conducting the affairs of the Florida RICO Enterprise through a pattern of racketeering over a substantial period of time from 2007 through 2017.

73.     The scheme has occurred throughout a series of predicate acts over the course of a number of years thus sufficient to amount to the level of a Florida RICO enterprise.

74.     YORAM and SHARONA's scheme is the legal and proximate cause of Plaintiffs' damages.

75.     The members of the Florida RICO Enterprise are, and have been, joined in a common purpose, have relationships with and among each other, and have associated through time sufficient to permit those associated to pursue the enterprise's purpose. YORAM and SHARONA needed and depended upon the participation of each other to accomplish their common purpose: i.e., stealing FAB ROCK's investment in OCEANSIDE by selling the Hotel without FAB ROCK and/or RUBINSTEIN's knowledge or authority and keeping the proceeds for themselves.

76.     YORAM and SHARONA have each willingly or knowingly conducted and/or participated, directly or indirectly, in the conduct of the Florida RICO Enterprise's affairs through a "pattern of racketeering activity" from 2007 through 2017, as defined by Florida Statutes §§ 895.02(7) and 895.02(8), consisting of:

      a.     Trespass (Florida Statute § 810.08);

      b.     Forgery (Florida Statute § 831.01);

      c.     Perjury (Florida Statute § 322.33);

      d.     Fraudulent practices of matters within jurisdiction of Department of State (Florida Statute § 817.155)

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

77.     These acts of racketeering constitute a pattern of racketeering as governed by Florida Statute § 895.02(8).

78.     These predicate acts were related to one another to serve and accomplish YORAM and SHARONA's common purpose: i.e., stealing FAB ROCK's investment in OCEANSIDE by selling the Hotel without FAB ROCK and/or RUBINSTEIN's knowledge or authority and keeping the proceeds for themselves.

79.     RUBINSTEIN, FAB ROCK, and OCEANSIDE were injured and suffered damages as a result of YORAM and SHARONA's violation of Fla. Stat. § 895.03.

80.     As a direct and proximate result of YORAM and SHARONA's actions, RUBINSTEIN, FAB ROCK, and OCEANSIDE suffered monetary and equitable damages, and are therefore entitled to recover damages in connection with Defendants' actions, as well as attorneys' fees and costs pursuant to Fla. Stat. § 772.104.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, treble damages, attorneys' fees and costs, plus pre-judgment interest, court costs, and for any and all other relief that this Court may deem just and proper.

### COUNT III: TORTIOUS INTERFERENCES WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP (KESHET INTER VIVOS TRUST, YORAM YEHUDA, SHARONA YEHUDA, KARIN YEHUDA, THE MAYO GROUP, LLC, MAZLIACH GAMLIEL, BRIDGE TO THE FUTURE, LLC, MIKE SEDAGHATI, ORIT MAIMON)

81.     Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

82.     RUBINSTEIN (through FAB ROCK) and YORAM and SHARONA (through KESHET) entered into a business relationship where FAB ROCK was to receive KESHET's 50.5% interest in OCEANSIDE and become the managing member of OCEANSIDE, thereby creating a business relationship.

83.     KESHET, YORAM, SHARONA, KARIN, MAYO, BOOBOO, BRIDGE, SEDAGHATI, and MAIMON had knowledge of this business relationship as evidenced by their conduct, the Consent of Members to Transfer Oceanside Mile, LLC signed by SHARONA (as KESHET), BOOBOO (as MAYO), SEDAGHATI (as BRIDGE), and MAIMON, and the Declarations in the California Action submitted by SHARONA, YORAM, BOOBOO, SEDAGHATI, AND MAIMON that falsely assert that KESHET is the managing member of OCEANSIDE.

84.     KESHET, YORAM, SHARONA, KARIN, MAYO, BOOBOO, BRIDGE, SEDAGHATI, and MAIMON intentionally interfered in this business relationship by:

    a.   Forging RUBINSTEIN's signature (as FAB ROCK) on the Agreement Re: Sale of Membership Interest and Profit Sharing;

    b.   Forging RUBINSTEIN's signature (as FAB ROCK) on the Modification/Amendment to the Agreement Re: Sale of Membership Interest;

    c.   Submitting Declarations in the California Action by SHARONA, YORAM, BOOBOO, SEDAGHATI, AND MAIMON that falsely assert that KESHET is the managing member of OCEANSIDE;

    d.   The creation of FAB ROCK ONE wherein KARIN served as a manager;

    e.   Transferring KESHET's ownership to SHARONA;

    f.   The meeting wherein the members of OCEANSIDE, BOOBOO (as MAYO), SEDAGHATI (as BRIDGE), and MAIMON, consented and agreed to allow SHARONA to sell the Hotel.

85.     As a direct, proximate, and foreseeable result of KESHET, YORAM, SHARONA, KARIN, MAYO, BOOBOO, BRIDGE, SEDAGHATI, and MAIMON's tortious interference,

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

FAB ROCK, RUBINSTEIN, and OCEANSIDE, are damaged as a result of the sale of the Hotel, which was OCEANSIDE's sole asset.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, court costs, and for any and all other relief that this Court may deem just and proper.

## COUNT IV: UNJUST ENRICHMENT
### (ORIT MAIMON)

86.     Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

87.     FAB ROCK and/or RUBINSTEIN paid approximately $500,000.00 to pay down the First Citizens loan, a benefit conferred upon MAIMON to save OCEANSIDE from the impending bankruptcy, and therefore saving MAIMON's investment in OCEANSIDE.

88.     FAB ROCK and/or RUBINSTEIN paid approximately $237,000.00 to OCEANSIDE's bankruptcy attorneys, another benefit conferred upon MAIMON to save OCEANSIDE from the impending bankruptcy (as well as MAIMON's investment in OCEANSIDE).

89.     MAIMON had knowledge of and accepted this benefit conferred upon it by FAB ROCK and/or RUBINSTEIN

90.     FAB ROCK and/or RUBINSTEIN are creditors of OCEANSIDE for the payments made toward the First Citizens loan and OCEANSIDE's bankruptcy attorneys pursuant to paragraph 11.4(b) of the OCEANSIDE Operating Agreement.

91.     As creditors of OCEANSIDE, FAB ROCK and/or RUBINSTEIN are entitled to reimbursement from the payments made toward the First Citizens loan and OCEANSIDE's bankruptcy attorneys. To date, FAB ROCK and/or RUBINSTEIN have not been reimbursed.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

92.     By virtue of the sale of the Hotel, MAIMON has been unjustly enriched by the proceeds received in relation to the sale of the Hotel, and it would be inequitable for MAIMON to retain this benefit without paying its fair value.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for compensatory damages, court costs, and for any and all other relief that this Court may deem just and proper.

## COUNT V: UNJUST ENRICHMENT
## (THE MAYO GROUP, LLC)

93.     Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

94.     FAB ROCK and/or RUBINSTEIN paid approximately $500,000.00 to pay down the First Citizens loan, a benefit conferred upon MAYO to save OCEANSIDE from the impending bankruptcy, and therefore saving MAYO's investment in OCEANSIDE.

95.     FAB ROCK and/or RUBINSTEIN paid approximately $237,000.00 to OCEANSIDE's bankruptcy attorneys, another benefit conferred upon MAYO to save OCEANSIDE from the impending bankruptcy (as well as MAYO's investment in OCEANSIDE).

96.     MAYO had knowledge of and accepted this benefit conferred upon it by FAB ROCK and/or RUBINSTEIN.

97.     FAB ROCK and/or RUBINSTEIN are creditors of OCEANSIDE for the payments made toward the First Citizens loan and OCEANSIDE's bankruptcy attorneys pursuant to paragraph 11.4(b) of the OCEANSIDE Operating Agreement.

98.     As a creditors of OCEANSIDE, FAB ROCK and/or RUBINSTEIN are entitled to reimbursement from the payments made toward the First Citizens loan and OCEANSIDE's bankruptcy attorneys.  To date, FAB ROCK and/or RUBINSTEIN have not been reimbursed.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

99.   By virtue of the sale of the Hotel, MAYO has been unjustly enriched by the proceeds received in relation to the sale of the Hotel, and it would be inequitable for MAYO to retain this benefit without paying its fair value.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for compensatory damages, court costs, and for any and all other relief that this Court may deem just and proper.

## COUNT VI: UNJUST ENRICHMENT
## (BRIDGE TO THE FUTURE, LLC)

100.   Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

101.   FAB ROCK and/or RUBINSTEIN paid approximately $500,000.00 to pay down the First Citizens loan, a benefit conferred upon BRIDGE to save OCEANSIDE from the impending bankruptcy, and therefore saving BRIDGE's investment in OCEANSIDE.

102.   FAB ROCK and/or RUBINSTEIN paid approximately $237,000.00 to OCEANSIDE's bankruptcy attorneys, another benefit conferred upon BRIDGE to save OCEANSIDE from the impending bankruptcy (as well as BRIDGE's investment in OCEANSIDE).

103.   BRIDGE had knowledge of and accepted this benefit conferred upon it by FAB ROCK and/or RUBINSTEIN.

104.   FAB ROCK and/or RUBINSTEIN are creditors of OCEANSIDE for the payments made toward the First Citizens loan and OCEANSIDE's bankruptcy attorneys pursuant to paragraph 11.4(b) of the OCEANSIDE Operating Agreement.

105.   As a creditors of OCEANSIDE, FAB ROCK and/or RUBINSTEIN are entitled to reimbursement from the payments made toward the First Citizens loan and OCEANSIDE's bankruptcy attorneys.  To date, FAB ROCK and/or RUBINSTEIN have not been reimbursed.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

106.    By virtue of the sale of the Hotel, BRIDGE has been unjustly enriched by the proceeds received in relation to the sale of the Hotel, and it would be inequitable for BRIDGE to retain this benefit without paying its fair value.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for compensatory damages, court costs, and for any and all other relief that this Court may deem just and proper.

### COUNT VII: CONVERSION
### (THE KESHET INTER VIVOS TRUST, YORAM YEHUDA, AND SHARONA YEHUDA)

107.    Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

108.    FAB ROCK and/or RUBINSTEIN are the rightful owners of the 50.5% interest in OCEANSIDE that is in dispute.

109.    KESHET, YORAM, and/or SHARONA knowingly and deliberately converted FAB ROCK and/or RUBINSTEIN's interest in OCEANSIDE with the intent to deprive FAB ROCK and/or RUBINSTEIN of their rights in same.

110.    KESHET, YORAM, and/or SHARONA knowingly and deliberately converted FAB ROCK and/or RUBINSTEIN's interest in OCEANSIDE for their own use, knowing said interest belonged to FAB ROCK and/or RUBINSTEIN.

111.    FAB ROCK and/or RUBINSTEIN demanded return of the converted property.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, treble damages, attorneys' fees and costs, plus pre-judgment interest, court costs, and for any and all other relief that this Court may deem just and proper.

## COUNT VIII: RESCISSION OF THE SALE OF THE HOTEL
## (BNH IV HM TRI, LLC, 1159 HILLSBORO MILE, LLC, THE KESHET INTER VIVOS TRUST, YORAM YEHUDA, SHARONA YEHUDA, THE MAYO GROUP, LLC, MAZLIACH GAMLIEL, EYAL GAMLIEL, YORAM ELIYAHU, BRIDGE TO THE FUTURE, LLC, MIKE SEDAGHATI, ORIT MAIMON AND STONEGATE BANK)

112.    Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

113.    Plaintiffs seek rescission in equity.

114.    SHARONA had no authority to effectuate the sale as she was neither a member nor a manager of the Hotel.

115.    The sale could not have been valid unless a manager or member of OCEANSIDE conveyed the title of the Hotel.

116.    As SHARONA was neither a member nor a manager, and did not have the authority to convey the title on behalf of OCEANSIDE, the deed was void and the sale of the Hotel was invalid and illegal, warranting rescission.

117.    Further, BNH and HILLSBORO's title agency, Chicago Title, had actual knowledge that SHARONA and YORAM were liars and scammers.  Chicago Title also had actual knowledge that SHARONA and YORAM failed to provide all amendments to the operating agreement as required.  This knowledge is evidenced by:

      a.    The Limited Liability Company affidavit, signed by SHARONA, attesting that OCEANSIDE had never filed for bankruptcy, when Chicago Title was indeed in possession of OCEANSIDE's bankruptcy filings;

      b.    The email chain in their possession showing SHARONA and YORAM's attempts to defraud the brokers who helped facilitate the sale of the Hotel; and

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

      c.      Documents in Chicago Title's possession purporting that RUBINSTEIN and/or FAB ROCK were managing members of OCEANSIDE, such as bankruptcy filings and Annual Reports, yet, despite Chicago Title requiring SHARONA produce OCEANSIDE's operating agreements and all amendments thereto, having none in their possession reflecting RUBINSTEIN and/or FAB ROCK were managing members of OCEANSIDE at any point.

118.     Chicago Title acted as BNH's and HILLSBORO's agents in connection with their acquisition of the Hotel.

119.     As agents of BNH and HILLSBORO, Chicago Title's knowledge was imputed to BNH and HILLSBORO.

120.     This knowledge required BNH and HILLSBORO to conduct an investigation as to the rightful owners of OCEANSIDE in order to protect their status as bona fide purchasers, which they haphazardly failed to do.

121.     STONEGATE's loan was paid in full by the Hotel sale proceeds. As a result of the rescission, STONEGATE will be required to return the proceeds to facilitate full restitution to BNH and HILLSBORO.

122.     On information and belief, the net proceeds of the sale paid to OCEANSIDE have been distributed to KESHET, YORAM, SHARONA, MAYO, BOOBOO, EYAL, ELIYAHU, BRIDGE, SEDAGHATI and/or MAIMON. As a result of the rescission, KESHET, YORAM, SHARONA, MAYO, BOOBOO, EYAL, ELIYAHU, BRIDGE, SEDAGHATI and/or MAIMON will be required to return the proceeds to facilitate full restitution to BNH and HILLSBORO.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**WHEREFORE**, Plaintiffs demand judgment against Defendants declaring the deed to be rescinded, for injunctive relief as stated below, compensatory damages, plus pre-judgment interest, court costs, and for any and all other relief that this Court may deem just and proper.

## COUNT IX: QUIET TITLE
### (BNH IV HM TRI, LLC AND 1159 HILLSBORO MILE, LLC)

123.   Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

124.   OCEANSIDE is the owner and title holder of the Hotel and subject property.

125.   BNH and HILLSBORO have clouded OCEANSIDE's title to the Hotel and subject property by wrongfully being in possession of the Hotel and subject property.

126.   The cloud on OCEANSIDE's title is invalid as the deed transferred to BNH and HILLSBORO is void, thereby making BNH and HILLSBORO's claim to the title invalid.

**WHEREFORE**, Plaintiffs demand judgment against Defendants' interest as a cloud on OCEANSIDE's title, for injunctive relief as stated below, compensatory damages, plus pre-judgment interest, court costs, and for any and all other relief that this Court may deem just and proper.

## COUNT X: INJUNCTIVE RELIEF –
### MAINTAIN THE STATUS QUO OF THE SEA BONAY BEACH RESORT
### (BNH IV HM TRI, LLC and 1159 HILLSBORO MILE, LLC)

127.   Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

128.   BNH and HILLSBORO purchased the Hotel from OCEANSIDE on April 28, 2017.

129.   OCEANSIDE, RUBINSTEIN, and FAB ROCK request injunctive relief requiring BNH and HILLSBORO to maintain the status quo of the Hotel pending the instant litigation.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for a temporary injunction until Plaintiff's right to a permanent injunction is determined by the Court, a permanent injunction enjoining Defendants and their agents, servants, employees, and attorneys, and any

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

persons in active concert or participation with Defendants from taking any actions that would not maintain the status quo of the Hotel, compensatory damages, plus pre-judgment interest, court costs, and for any and all other relief that this Court may deem just and proper.

**COUNT XI: INJUNCTIVE RELIEF –
FREEZE THE PROCEEDS FROM THE SALE OF
THE SEA BONAY BEACH RESORT
(THE KESHET INTER VIVOS TRUST, YORAM YEHUDA, SHARONA YEHUDA, THE
MAYO GROUP, LLC, MAZLIACH GAKMLIEL, EYAL GAMLIEL, YORAM
ELIYAHU, BRIDGE TO THE
FUTURE, LLC, MIKE SEDAGHATI, ORIT MAIMON AND STONEGATE BANK)**

130.    Plaintiffs re-adopt and re-allege Paragraphs 1 through 55 as if set forth fully herein.

131.    THE KESHET INTER VIVOS TRUST, YORAM YEHUDA, SHARONA YEHUDA, THE MAYO GROUP, LLC, MAZLIACH GAMLIEL, EYAL GAMLIEL, YORAM ELIYAHU, BRIDGE TO THE FUTURE, LLC, MIKE SEDAGHATI, ORIT MAIMON and STONEGATE BANK received $13,500,000.00 from the sale of the Hotel on April 28, 2017.

132.    OCEANSIDE, RUBINSTEIN, and FAB ROCK request injunctive relief requiring THE KESHET INTER VIVOS TRUST, YORAM YEHUDA, SHARONA YEHUDA, KARIN YEHUDA, THE MAYO GROUP, LLC, MAZLIACH GAMLIEL, EYAL GAMLIEL, YORAM ELIYAHU, BRIDGE TO THE FUTURE, LLC, MIKE SEDAGHATI, ORIT MAIMON and STONEGATE BANK to freeze the proceeds from the Hotel pending the instant litigation.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for a temporary injunction until Plaintiffs' right to a permanent injunction is determined by the Court, a permanent injunction enjoining Defendants and their agents, servants, employees, and attorneys, and any persons in active concert or participation with Defendants from utilizing in any and all manners the proceeds from the sale of the Hotel, compensatory damages, plus pre-judgment interest, court costs, and for any and all other relief that this Court may deem just and proper.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**PLAINTIFFS' JURY DEMAND**

Plaintiffs, ARTURO RUBINSTEIN, FAB ROCK INVESTMENTS LLC and

OCEANSIDE MILE LLC, demand try by jury on all issues so triable.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
Attorneys for Plaintiffs
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By: /s/ Nicole M. Wall
         NICOLE WALL
         Florida Bar No.: 017430
         Email: Nicole.Wall@csklegal.com

**CERTIFICATE OF SERVICE**

WE H EREBY CERTIFY that on this 28th day of August, 2017, we electronically filed
the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing
document is being served this day on all counsel of record or pro se parties identified on the
attached Service List in the manner specified, either via transmission of Notices of Electronic
Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who
are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Nicole Wall
         NICOLE WALL
         FBN: 17430
         E-Mail: nicole.wall@csklegal.com

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**SERVICE LIST**

William V. Roppolo, Esq.
Baker & McKenzie LLP
*Attorneys for The Keshet Inter Vivos Trust, Yoram Yehuda, Sharona Yehuda, Karin Yehuda,*
*The Mayo Group, LLC, Mazliach Gamliel, Eyal Gamliel, Mike Sedaghati, Bridge to the Future, LLC,*
*Yoram Eliyahu and Orit Maimon*
Sabadell Financial Center
1111 Brickell Avenue
Suite 1700
Miami, FL  33131
william.roppolo@bakermckenzie.com
*Via CM/ECF*

Joseph B. Heimovics, Esq.
Joseph B. Heimovics, P.A.
*Attorneys for Stonegate Bank*
15951 SW 41 Street
Suite 800
Davie, FL  33331
joe@heimovicslaw.com
*Via CM/ECF*

Darrell Payne, Esq.                                    Christopher W. Smart, Esq.
Stearns Weaver Miller Weissler                Scott D. Feather, Esq.
Alhadeff & Sitterson, P.A.                         Carlton Fields Jorden Burt, P.A.
150 W Flagler Street                                  4221 W Boy Scout Blvd., Suite 1000
Suite 2200                                                  Tampa, FL  33607-5780
Miami, FL  33130                                      csmart@carltonfields.com
dpayne@stearnsweaver.com                   sfeather@carltonfields.com
*Via CM/ECF*                                            *Via CM/ECF*
     *Attorneys for 1159 Hillsboro Mile, LLC and BNH IV M TRI, LLC*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX