UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-61019-Civ-WILLIAMS/TORRES

ARTURO RUBINSTEIN *et al.*,

      Plaintiffs,

v.

THE KESHET INTER VIVOS TRUST *et al.*,

      Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION
TO STRIKE PLAINTIFFS' AMENDED COMPLAINT**

This matter is before the Court on The Keshet Inter Vivos Trust's *et al.* ("Defendants") motion to strike Arturo Rubinstein's *et al.* ("Plaintiffs") amended complaint. [D.E. 73]. Plaintiffs responded to Defendants' motion on October 10, 2017 [D.E. 80] to which Defendants replied on October 16, 2017. [D.E. 81]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion is **GRANTED**.

      *I.    BACKGROUND*

Plaintiffs filed this action on May 22, 2017 alleging that Defendants (1) engaged in a civil conspiracy in violation of Florida and federal law, (2) violated the Florida Deceptive and Unfair Trade Practices Act, (3) committed fraud and deceit, (4) breached fiduciary duties, (5) aided and abetted a breach of fiduciary duties,

1

and, amongst other violations, (6) were unjustly enriched. [D.E. 1]. Defendant Stonegate Bank ("Stonegate") filed its answer and affirmative defenses on June 26, 2017 [D.E. 28]. Several other Defendants filed a motion to dismiss and a motion to discharge lis pendens on July 14, 2017. [D.E. 41]. Plaintiffs subsequently filed an amended complaint on August 28, 2017 [D.E. 66] but did so without obtaining written consent from opposing counsel or leave of Court. Defendants filed another motion to dismiss on September 19, 2017. [D.E. 74].

## II.     APPLICABLE LEGAL PRINCIPLES AND LAW

### A.     *Motion to Amend Standard*

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. A party may amend any pleading once as a matter of right before a responsive pleading has been filed or within twenty-one (21) days after serving the pleading if no responsive pleading is allowed. *See* FED. R. CIV. P. 15(a)(1). In all other situations, the amending party must obtain written consent from the opposing party or leave of the court to amend the pleading. *See* FED. R. CIV. P. 15(a)(2). The rule declares that leave to amend "shall be freely given when justice so requires." *Id*. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

Of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is

merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Id.* In the absence of any apparent or declared reason the leave sought should, as the rules require, be "freely given." *Id.* Substantial reasons justifying a court's denial of a request for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, and repeated failure to cure deficiencies by amendments previously allowed. *See e.g., Well v. Xpedx*, 2007 WL 1362717, *1 (M.D. Fla. 2007) (*citing Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

Additionally, a district court may properly deny leave to amend when an amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-3 (11th Cir. 2004); *see also Eveillard v. Nationstar Mortg. LLC*, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015) ("The law in this Circuit is clear that 'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.'") (quoting *Hall*, 367 F.3d at 1263). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999). This determination is akin to a finding that the proposed amendment would not survive a motion to dismiss. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

3

### B. *Motion to Strike Standard*

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). While many "courts consider striking a pleading to be a 'drastic remedy to be resorted to only when required for the purposes of justice,'" *Exhibit Icons, LLC v. XP Cos.,* 609 F.Supp.2d 1282, 1300 (S.D. Fla. 2009), striking is appropriate in some cases to remove "unnecessary clutter" from the docket. *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). "Striking is appropriate where, for example, a party fails to seek leave of court before filing an unauthorized pleading." *Regions Bank v. Commonwealth Land Title Ins. Co.,* 2012 WL 5410948, at *2 (S.D. Fla. Nov. 6, 2012) (citing *Rogers v. Hartford Life & Accident Ins. Co.,* 2012 WL 2395194, at *1 n.1 (S.D. Ala. June 22, 2012) ("There is no doubt that striking an improper amended pleading filed without leave of court is appropriate and necessary to enforce Rule 15(a)(2).")). Ultimately, the decision of whether to strike a pleading rests in the court's discretion. *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D.Fla.2002) ("District courts have broad discretion in disposing of motions to strike under Fed.R.Civ.P. 12(f).") (citation omitted).

### III. ANALYSIS

The thrust of Defendants' motion is that Plaintiffs' amended complaint – filed on August 28, 2017 – is untimely because it was unilaterally filed sixty-three days after Stonegate filed its answer and affirmative defenses on June 26, 2017.

4

Defendants suggest that the amended complaint is improper because Plaintiffs completely failed to comply with Rule 15, which allows a party to amend a pleading once as a matter of course before a responsive pleading has been filed or within twenty-one days after serving the pleading if no responsive pleading is allowed. *See* Fed. R. Civ. P. 15(a)(1). Because Plaintiffs filed their amended complaint well after twenty-one days and failed to obtain Defendants' consent or leave of Court under Rule 15(a)(2), Defendants argue that the amended complaint is defective and must be stricken. *See Rogers*, 2012 WL 2395194, at *1, n.1 ("There is no doubt that striking an improper amended pleading filed without leave of court is appropriate and necessary to enforce Rule 15(a)(2).").

More specifically, Defendants argue that Plaintiffs were allowed to amend their complaint as a matter of course only on or before July 17, 2017 – i.e. twenty-one days after Stonegate filed and served its answer and affirmative defenses.[1] Because the twenty-one day clock is purportedly not cumulative and the time period to amend was triggered by the filing of Stonegate's answer/affirmative defenses, Defendants argue that Plaintiffs' amended complaint is procedurally improper. Defendants also argue that – if Plaintiffs intended to comply with Rule 15(a)(2) – Plaintiffs failed to obtain Defendants' written consent or leave of Court. Because

---

[1] Defendants also argue that Plaintiffs filed their amended complaint forty-five days after Defendants' initial motion to dismiss and nearly three weeks after the motion became ripe for the Court's review. As such, Defendants claim that Plaintiffs' amended complaint is untimely no matter how one determines the start date for the twenty-one day time period.

5

Plaintiffs simply filed their amended complaint in violation of Rule 15, Defendants believe that Plaintiffs' amended complaint must be stricken.

A separate reason why Plaintiffs' amended complaint should allegedly be stricken is because it contradicts Plaintiffs' prior allegations and attempts to impute knowledge onto the Defendants. Defendants claim that Plaintiffs' tactics must be rejected because the law is supposedly clear that a plaintiff may not amend to contradict – or omit – earlier allegations demonstrating a defendant's entitlement to a dispositive defense. And even if Plaintiffs could avoid these contradictions, Defendants argue that the amended complaint does nothing to ameliorate the deficiencies and applicable defenses raised in Defendants' initial motion to dismiss. Accordingly, Defendants suggest that there are several reasons to strike Plaintiffs' amended complaint.

In response, Plaintiffs contend that – due to a clerical error – the amended complaint was filed without a motion to amend and that Plaintiffs should, at the very least, be afforded a chance to comply with the requirements of Rule 15. Plaintiffs also argue that Defendants' motion fails to satisfy the legal burden applicable under Rule 12 and that Defendants' motion is, in disguise, a veiled attempt to file another motion to dismiss. Because Defendants' motion is improper, Plaintiffs contend that the amended complaint meets all other pleading requirements and that Defendants' tactics are unnecessarily delaying this litigation.

6

Without exploring all of the arguments raised between the parties, we agree with Defendants that Plaintiffs' amended complaint is procedurally improper. First, Plaintiffs did not amend their complaint within twenty-one days after Stonegate filed its answer and affirmative defenses. If Plaintiffs had complied with Rule 15(a)(1), Plaintiffs would have amended their complaint on or before July 17, 2017. The twenty-one day time period under Rule 15 is triggered as soon as a responsive pleading or a motion under 12(b) is served. *See* FED. R. CIV. P. 15(a)(1).

Here, Stonegate triggered the twenty-one days back in June. [D.E. 28]. While Plaintiffs may believe that the filing of a separate motion to dismiss from other Defendants renewed the twenty-one day clock, it is clear that the twenty-one day period is not cumulative. For instance, "[i]f a responsive pleading is served after one of the designated motions is served . . . there is no new 21–day period." FED. R. CIV. P. 15 advisory committee's 2009 note.

Several other courts have considered an analogous situation in how to apply Rule 15(a)(1). For instance, when multiple defendants have filed separate motions to dismiss, courts have concluded that "the twenty-one day period to amend as a matter of course begins on the date of the earliest defensive action." *See, e.g., Williams v. Black Entm't Television, Inc.,* 2014 WL 585419, at *4 (E.D.N.Y. Feb. 14, 2014) (quoting *Schneider v. Cnty. of Sacramento,* 2013 U.S. Dist. LEXIS 97295, at *2 (E.D. Cal. July 10, 2013)); *see also Kieffer v. Tundra Storage LLC,* 2015 WL 5009012, at *3 (D. Minn. Aug. 21, 2015) ("The 21–day period to amend therefore began to run on April 13 and did not reset when subsequent pleadings and motions

7

were filed."); *Trujilo v. City of Newton,* 2013 WL 535747, at *1 (D. Kan. Feb. 12, 2013) ("The advisory committee notes make clear that the 'whichever is earlier' language in Rule 15(a)(1) is not intended to be cumulative."). The same reasoning applies here. When Stonegate filed its answer and affirmative defenses in June, the twenty-one day clock to file an amended complaint was triggered irrespective of when the remaining Defendants decided to file their motion to dismiss. Therefore, Plaintiffs' amended complaint on August 28, 2017 was outside the twenty-one day period to be considered timely under Rule 15(a)(1).

In the absence of a timely amendment as a matter of right, the only way Plaintiffs' amended complaint could have been proper is if Plaintiffs complied with Rule 15(a)(2) and sought leave of court or written consent from Defendants. Yet, Plaintiffs' clearly did not obtain leave of Court and Defendants did not grant Plaintiffs leave to do so either.[2] As such, Plaintiffs violated Rule 15 – meaning Defendants' motion must be **GRANTED** and the amended complaint [D.E. 66] is hereby stricken. *See Ramos v. Aurora Loan Servs.*, 2010 WL 966856, at *1 (S.D. Fla. Mar. 15, 2010) ("The Amended Complaint [DE 18] will be stricken because Plaintiff failed to comply with Rule 15(a) of the Federal Rules of Civil Procedure.").

---

[2]  Plaintiffs do not dispute that they failed to file a motion to amend their complaint nor do they dispute that Defendants refused to grant them leave to do so.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion to strike Plaintiffs' amended complaint is **GRANTED** without prejudice.[3] [D.E. 73]. Plaintiffs must carefully follow the Local and Federal Rules, and not file any additional complaints on the docket until leave of Court is granted or Defendants provide consent to do so. Plaintiffs' motion, if timely filed, should also be very clear on what they are specifically trying to amend and why an amendment is necessary.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of October, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] We recognize that Defendants raised other arguments as to why Plaintiffs' amended complaint was improper, including allegations that (1) it was futile, and (2) included contradictory facts. However, we need not reach those arguments because Plaintiffs' amended complaint is untimely and therefore already defective under Rule 15.