# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 0:17-cv-61019-Williams/Torres

ARTURO RUBINSTEIN, individually, FAB ROCK INVESTMENTS, LLC, a Nevada limited liability company, and OCEANSIDE MILE, LLC, a Florida limited liability company,

       Plaintiffs,

v.

THE KESHET INTER VIVOS TRUST, YORAM YEHUDA, individually, SHARONA YEHUDA, individual, KARIN YEHUDA, individually, THE MAYO GROUP, LLC, a Florida limited liability company, MAZLIACH GAMLIEL, individually, EYAL GAMLIEL, individually, YORAM ELIYAHU, individually, BRIDGE TO THE FUTURE, LLC, a Florida limited liability company, MIKE SEDAGHATI, individually, ORIT MAIMON, individually, STONEGATE BANK, a Florida corporation, BNH HM TRI, LLC, a Florida limited liability company, and 1159 HILLSBORO MILE, LLC, a Florida limited liability company,

       Defendants.

_____/

## DEFENDANTS' APPEAL OF THE MAGISTRATE JUDGE'S
## ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY (DE 123)

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Magistrate Rule 4(a)(1) of the Local Rules for the Southern District of Florida, Defendants the Keshet Inter Vivos Trust, Yoram Yehuda, Sharona Yehuda, Karin Yehuda, the Mayo Group, LLC, Mazliach Gamliel, Eyal Gamliel, Yoram Eliyahu, Mike Sedaghati, Bridge to the Future, LLC, and Orit Maimon (collectively, "Defendants"), by and through undersigned counsel, hereby submit this Appeal of the Magistrate Judge's Order on Defendants' Motion to Stay Discovery (DE 123).

## INTRODUCTION

The Magistrate Judge's Order on Defendants' Motion to Stay Discovery (DE 123) ("Order") agrees, entirely, with Defendants' position that the facial challenges to the operative pleading "should be resolved before discovery begins"—particularly where, as here, certain claims must satisfy the particularity requirement under Federal Rule of Civil Procedure 9(b).  *See* Order at 6.  In contradiction to the principles which it cites, however, the Order reaches a disposition different than the one Defendants' request and denies Defendants' a temporary stay of discovery.  The Order's paradoxical—and, at times, limited—analysis and application of the undisputed principles on which Defendants' request relies, mandates that the Order be set aside as clearly erroneous, and a temporary stay of discovery be instituted.

## PROCEDURAL POSTURE

Nearly one year ago, on May 22, 2017, Plaintiffs Arturo Rubinstein, Fab Rock Investments, LLC, and Oceanside Mile LLC (collectively, "Plaintiffs"), commenced this action. Defendants first sought dismissal of Plaintiffs' pleading shortly after service on July 14, 2017. *See* (DE 41).  After Plaintiffs' untimely attempt at amendment as a matter of course and motion practice arising therefrom, Plaintiffs submitted their Amended Complaint (DE 92) with the Court's leave on November 2, 2017.  On November 16, 2017, Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint and Motion to Discharge Lis Pendens (DE 97) ("Motion to Dismiss"), which, *inter alia*, sought dismissal of Plaintiffs' equitable claims for rescission (Count VII) and quiet title (Count IX) based on the unambiguous provisions of Florida's Revised Limited Liability Company Act (the "Revised LLC Act"), specifically, Fla. Stat. § 605.04074(3) and other pertinent provisions.  *See id.* at 3–10.  Defendants' Motion to Dismiss also sought dismissal of Plaintiffs remaining claims based on various—and, with respect to certain claims,

conceded—pleading deficiencies.  *See id.* at 10–19.  Defendants' Motion to Dismiss has been

ripe since December 7, 2017.  *See generally* Defendants' Reply in Support of Motion to Dismiss

(DE 103).   While Defendants absolutely respect the delayed resolution of their Motion to

Dismiss given the considerable size of the Court's docket, this delay and the likelihood that

Defendants' Motion to Dismiss will resolve this case in its entirety—or, at an absolute minimum,

substantially alter the landscape of this litigation with respect to not only the claims presented

but, critically, the parties involved—forced Defendants to request a temporary stay of discovery.

*See* Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to

Dismiss (DE 97) ("Motion to Stay").  On April 27, 2018, Magistrate Judge Edwin G. Torres

entered the Order (DE 123) denying a stay of discovery, from which Defendants now appeal.

## LEGAL STANDARD

Pursuant to Magistrate Rule 4(a)(1) of the Local Rules for the Southern District of Florida,

"[a]ny party may appeal from a Magistrate Judge's order determining a motion . . . within

fourteen (14) days after being served with the Magistrate Judge's order," and the "District Judge

shall consider the appeal and set aside any portion of the Magistrate Judge's order found to be

clearly erroneous or contrary to law."  *See also* Fed. R. Civ. P. 72(a) ("The district judge in the

case must consider timely objections and modify or set aside any part of the order that is clearly

erroneous or is contrary to law.").

## ARGUMENT

Upon review of Defendants' Motion to Stay, the Magistrate Judge agreed with

Defendants that, "under *Chudasama*, facial challenges to the legal sufficiency of a claim should

be resolved before discovery begins."  Order at 6 (citing *Chudasama v. Mazda Motor Corp.*, 123

F.3d 1353, 1366 (11th Cir. 1997)).  The Order went further in its agreement with Defendants,

concurring that this principle rings even more true "where as here, Defendants are alleging that Plaintiffs failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b)." *Id.* at 6 (quoting *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009)).  The Order states bluntly:  "Defendants are correct—with respect to the RICO allegations—that "neither the parties nor the court have any need for discovery before the Court rules on the motion." *Id.* (quoting *Moore v. Potter*, 141 F. App'x 803 (11th Cir. 2005)).

Thus, the Order agrees, wholeheartedly, with Defendants position and the principles on which Defendants rely in seeking a temporary stay of discovery.  Yet, the Order sets these principles aside, concludes the opposite of what these agreed-upon principles dictate, and denies Defendants their requested limited stay.  According to the Order, a stay of discovery is inappropriate because:  (1) the entire complaint will likely not be dismissed; and (2) even if claims are dismissed, leave to amend will likely be granted.  But the Order's reasoning on these two points is fundamentally flawed under the governing law.

First, although the Order agrees that Plaintiffs should not be allowed to proceed with discovery on claims subject to the heightened pleading standard of Rule 9(b) the Federal Rules of Civil Procedure—noting that "permitting discovery where claims have not been properly pleaded [under Rule 9(b)] would allow parties to circumvent [the Rule]"—the Order's disposition necessarily allows this precise discovery to proceed.  This determination comes notwithstanding the Order's acknowledgement that the adequacy of these claims remains in question.  *See* Order at 6–7.  Plaintiffs have been provided two opportunities to plead their federal and state RICO claims with particularity as required by Rule 9(b) and, on both occasions, have fallen woefully short.  *See* Motion to Dismiss at 10–14; *see also* (DE 41) at 13–18.  To

allow Plaintiffs free reign to proceed with discovery when challenges to those claims remain unresolved is counter to the binding authority cited by both Defendants and the Order itself.  *See* Order at 7 (quoting *Moore v. Potter*, 141 F. App'x 803 (11th Cir. 2005)) (noting that "with respect to the RICO allegations – [] 'neither the parties nor the court have any need for discovery before the court rules on the motion'"); *see also* Order at 6–7 (citing *Tradex Glob. Master Fund SPC, Ltd. v. Palm Beach Capital Mgmt., LLC*, No. 09-cv-21622, 2009 U.S. Dist. LEXIS 135687, at *4 (S.D. Fla. Nov. 23, 2009) (citing *United States ex. rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002))) (noting that "facial challenges to the legal sufficiency of a claim should be resolved before discovery begins," and that "[t]his is true, especially where as here, Defendants are alleging that Plaintiffs failed to plead fraud with particularity [under Rule] 9(b)").  The Order's ultimate decision is, therefore, discordant with the principles it cites and clearly erroneous under the governing law.

Nevertheless, according to the Order, allowing Plaintiffs to proceed on their Rule 9(b) claims is permissible because it is "not readily apparent that [the Motion to Dismiss] will be granted, or [will be] case dispositive."  Order at 7–8.  In reaching this conclusion, the Order asserts, *sans* elaboration, that Plaintiffs' other claims to which the particularity requirement of Rule 9(b) does not apply, may possibly "survive" Defendants' Motion to Dismiss.  *Id.*  Oddly, this includes, according to the Order, Plaintiffs' claims for tortious interference and for injunctive relief.  *Id.* at 7.  However, Plaintiffs have conceded that both of these claims are due to be dismissed.  *See generally* Plaintiffs' Response to Defendants' Motion to Dismiss (DE 100) at 13–17 (failing to respond to Defendants' arguments for the dismissal of the tortious interference claim and admitting that injunctive relief is "a remedy, not a separate cause of action").  The Order's reliance on these claims is, thus, misplaced, and calls into question whether the Order's

"preliminary peek" at the merits of Defendants' Motion to Dismiss has fully accounted for the arguments raised. Indeed, the Order's "preliminary peek" at the merits of Defendants' Motion to Dismiss fails to make mention of Florida's Revised LLC Act, which demands that the remaining claims referenced in the Order—Plaintiffs' equitable claims of rescission and quiet title, Order at 7—be dismissed.

In short, the Order appears to discount the unambiguous portions of the record that support the issuance of stay. This renders the decision clearly erroneous. When taking into account the relevant portions of the record and, critically, applying the legal principles cited in the Order to that record, good cause for a stay clearly exists as Defendants' Motion to Dismiss will likely dispose of this entire action. *See* Order at 2–3 (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd,* 87 F. App'x 713 (11th Cir. 2003)) (noting that "courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action"). Even if a small number of Plaintiffs' claims survive Defendants' Motion to Dismiss—which they should not—a limited stay of discovery is still warranted as the Motion to Dismiss will undoubtedly pare down and narrow the scope of discovery with respect to both the claims presented and, critically, the parties involved in this action. *See* Order at 6–7 (citing *Moore*, 141 F. App'x at 807–08 (noting that the Eleventh Circuit in *Chudasama* explained that "delaying a ruling on the motion to dismiss encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs, and advised that any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible")); *see also* Motion to Stay at 5–6 (explaining how even a partial dismissal will eliminate a majority of Defendants). Given this fact, and "[g]iven the strong policy and practical reasons for determining whether a complaint

states a viable claim for relief before the parties engage in discovery," as per the Eleventh Circuit, a stay of discovery is appropriate "until the district court determines that there is a cognizable cause of action asserted in the complaint" against Defendants. *Zinn v. Sci Funeral Servs. of Fla., Inc.*, No. 12-cv-80788, 2013 U.S. Dist. LEXIS 198001, at *5 (S.D. Fla. Mar. 4, 2013) (citing *Moore*, 141 F. App'x at 807–08); *see also Dayem v. Chavez*, No. 13-cv-62405, 2014 U.S. Dist. LEXIS 196015, at *3 (S.D. Fla. Mar. 11, 2014) ("[A]s a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal."); *Gill-Samuel v. Nova Biomedical Corp.*, No. 13-cv-62591, 2014 U.S. Dist. LEXIS 189041, at *2 (S.D. Fla. Feb. 18, 2014) (granting stay of discovery where pending motion to dismiss had "significant ramifications on the scope of any factual discovery between the parties" and "discovery [was] not required for the Court to rule on the purely legal questions" raised in the motion).

A limited stay of discovery is particularly necessary where, as here, Defendants are set to incur substantial discovery costs should Plaintiffs be permitted to proceed, full-tilt, in discovery, despite the adequacy of their pleadings being unresolved.   The Order mistakenly minimizes Defendants' costs, stating that "Defendants' have not shown that Plaintiffs' requests will be unduly burdensome especially considering the number of parties in this case."  Order at 7.  As a threshold point, respectfully, this is incorrect:  Defendants lay plain that the currently pending discovery is set to impose a substantial cost on many individual, non-corporate defendants, each of whom face 63 individual requests for production, responses to which will likely necessitate expensive ESI gathering software.  *See* Motion to Stay at 7–9; *see also* Defendants' Reply in Support of Motion to Stay (DE 121) at 7–8 (noting that "[r]esponding to [Plaintiffs' already] extensive discovery is likely to require the review of seven (or more) separate email accounts

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

belonging to everyday individuals lacking in technological expertise and the financial ability to utilize expensive extraction software, and the review of tens of thousands of emails").

Further, the Order fails to contemplate the full scope of discovery it allows.  Although Plaintiffs have already served 441 requests for production, the Order grants Plaintiffs the authority to proceed against all Defendants on all claims, including those to which Rule 9(b) applies.  The governing law demands that Plaintiffs be curtailed from proceeding with their discovery in full while their Amended Complaint remains subject to not only Defendants' challenge, but also a separate (and similar) challenge from Defendants BNH IV HM TRI, LLC and 1159 Hillsboro Mile, LLC.[1]  *See supra* at 6–7.

Finally, the Order's suggestion that certain claims "can be cured with leave to amend" is unsettling.  In approximately one week, it will be one year from when this case was commenced. The date set by this Court for amended pleadings lapsed nearly four (4) months ago, on January 15, 2018.  *See* Scheduling Order (DE 108).  Plaintiffs have already been permitted several opportunities to amend their claims, once with express leave of Court.  The intimation that Plaintiffs will be allowed yet another opportunity to amend—now almost a year into litigation and after multiple opportunities at pleading their claims—is another clearly erroneous conclusion on which the Order rests its ultimate decision.  Amendment should not be permitted at this late juncture and given Plaintiffs' prior attempts at pleading their claims.  *See Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1254 (S.D. Fla. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Maynard v. Board of Regents of the Division of*

---

[1] As noted in Defendants' Motion to Stay, Defendants BNH IV HM TRI, LLC and 1159 Hillsboro Mile, LLC also seek dismissal of Plaintiffs' equitable claims based on Florida's Revised LLC Act.  *See* Motions to Dismiss Counts X, XI, and XII, and Motion to Discharge Lis Pendens (DE 55), (DE 92).  Defendants BNH IV HM TRI, LLC and 1159 Hillsboro Mile, LLC have no objection to Defendants' Motion to Stay and would welcome a stay pending resolution of their motion to dismiss. *See* Motion to Stay, S.D. Fla. L.R. 7.1(a)(3) Certificate of Conferral.

*Universities of the Florida Dep't of Education*, 342 F.3d 1281, 1287 (11th Cir. 2003)) ("A district court may exercise its discretion to deny a motion for leave to amend for any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

## CONCLUSION

The Order's agreement with the applicable principles governing the determination of whether a stay should be instituted while a dispositive motion such as Defendants' remains pending, followed by a denial of the same, is clear error. But the Order errs further, incorrectly concluding that "some of the claims will survive" Defendants' Motion to Dismiss—including those which Plaintiffs have already implicitly conceded—and suggests that amendment would be appropriate nearly a year into litigation, four months after the date set forth in this Court's Scheduling Order for amended pleadings, and after previous attempts at amendment have been permitted with leave of court. At an absolute minimum, the Order could have—and should have—fashioned an appropriate alternative remedy to limit the considerable resources Defendants are now set to incur. While the Order acknowledges this possibility, it implicitly declines to consider such relief. *See* Order at 6 n.2. For these reasons, as stated more fully above, the Order should be set aside and a temporary stay of discovery instituted.

Dated this 11th day of May, 2018.

Respectfully submitted,

BAKER & McKENZIE LLP
*Attorneys for Defendants*
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile:  (305) 789-8953


By:  /s/ William V. Roppolo
William V. Roppolo
Florida Bar No. 182850
william.roppolo@bakermckenzie.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 11, 2018, I electronically served the foregoing document on all counsel of record or pro se parties identified on the attached Service List.


By: /s/ William V. Roppolo
William V. Roppolo

<u>**SERVICE LIST**</u>

**Case No. 17-cv-61019-Williams/Torres**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ARTURO RUBINSTEIN, FAB ROCK INVESTMENTS, LLC.,
AND OCEANSIDE MILE, LLC.,

v.

THE KESHET INTER VIVOS TRUST, YORAM YEHUDA, SHARONA YEHUDA, KARIN
YEHUDA, THE MAYO GROUP, LLC., EYAL GAMLIEL, MAZLIACH GAMLIEL, YORAM
ELIYAHU, BRIDGE TO THE FUTURE, LLC., MIKE SEDAGHATI, ORIT MAIMON,
STONEGATE BANK, BNH IV HM TRI, LLC., and 1159 HILLSBORO MILE, LLC.

Nicole M. Wall, Esq.
Ilana Moskowitz, Esq.
Cole, Scott, & Kissane, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Tel: (561) 383-9236
Fax: (561) 683-8977
nicole.wall@csklegal.com
ilana.moskowitz@csklegal.com
*Attorneys for Plaintiffs*

Brian Grossman
Tesser Grossman, LLP
11990 San Vicente Boulevard, Suite 300
Los Angeles, CA 90049
Tel: (310) 207-4558
brian@tessergrossman.com
*Attorney for Plaintiffs*

Joseph B. Heimovics, Esq.
Joseph B. Heimovics, P.A.
15951 S.W. 41st Street, Suite 800
Davie, Florida 33331
Tel: (954) 626-3402
Fax: (954) 626-3403
joe@heimovicslaw.com
*Attorney for Stonegate Bank*

Christopher W. Smart
Scott D. Feather
Carlton Fields Jorden Burt, P.A.
P.O. Box 3239
Tampa, Florida 33607
Tel: (813) 223-7000
Fax: (813) 229-4133
csmart@carltonfields.com
sfeather@cfjblaw.com
*Attorneys for BNH IV HM TRI, LLC*
*and 1159 Hillsboro Mile, LLC*

Darrell W. Payne
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
150 W. Flagler Street, Suite 2200
Miami, Florida 33130
Tel: (305) 789-3415
Fax: (305) 789-3395
dpayne@stearnsweaver.com
*Attorneys for BNH IV HM TRI, LLC*
*and 1159 Hillsboro Mile, LLC*