# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-61019-Civ-WILLIAMS/TORRES

ARTURO RUBINSTEIN, *et al.*,

    Plaintiffs,

v.

THE KESHET INTER VIVOS TRUST, *et al.*,

    Defendants.

_____/

## ORDER ON PLAINTIFFS' MOTION TO STRIKE

This matter is before the Court on Arturo Rubinstein's ("Mr. Rubinstein"), Fab Rock Investments, LLC's ("Fab Rock"), and Oceanside Mile, LLC's ("Oceanside") (collectively, "Plaintiffs") motion to strike the Keshnet Inter Vivos Trust's (the "Trust"), Yoram Yehuda's ("Mr. Yehuda"), Sharona Yehuda's ("Mrs. Yehuda") (collectively, the "Yehudas"), Karin Yehuda's, the Mayo Group, LLC's, Mazliach Gamliel's, Eyal Gamliel's ("Mr. Gamliel"), Yoram Eliyahu's, Mike Sedaghati's, Bridge to the Future, LLC's, and Orit Maimon's (collectively, "Defendants") affirmative defenses. [D.E. 244]. Defendants responded to Plaintiffs' motion on January 7, 2019 [D.E. 254] to which Plaintiffs replied on January 14, 2019. [D.E. 260]. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion, response, reply, and relevant authority, and for

1

the reasons discussed below, Plaintiffs' motion to strike is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Arturo Rubinstein ("Mr. Rubinstein"), Fab Rock Investments, LLC's ("Fab Rock"), and Oceanside Mile, LLC's ("Oceanside") (collectively, "Plaintiffs") filed this action on May 22, 2017 and alleged the following claims: federal and Florida RICO violations, tortious interference, unjust enrichment conversion, rescission, quiet title, and injunctive relief. [D.E. 1]. This case relates to a Florida Limited Liability Company named Oceanside that was formed in 2006. Mrs. Yehuda and her husband Mr. Yehuda were Oceanside's two founding members. Oceanside's purpose was to purchase, renovate, and operate the Sea Bonay Beach Resort, a hotel located in Broward County, Florida (the "Hotel Property"). The Yehudas transferred their interests in Oceanside to the Trust, and, in 2007, 49.5% of Oceanside's equity was sold to other individuals/entities.

In January 2012 – to avoid foreclosure – the Yehudas enlisted the help of Mr. Rubinstein in offering his personal guaranty to Oceanside's lender so that it would extend the maturity date of a loan. Mr. Rubenstein apparently never gave a personal guaranty to Oceanside's lender, as the lender refused to extend the loan's maturity date. Nevertheless, the Trust gratuitously assigned all of its interest in

Oceanside to Fab Rock, and Fab Rock was designated as Oceanside's managing member.[1]

Notwithstanding these transfers, Plaintiffs allowed the Yehudas to continue their management of the day to day operations of the Hotel Property. In 2013, Oceanside filed for bankruptcy, but recovered with the help of a multi-million-dollar loan from Stonegate Bank and payments from Fab Rock. Shortly thereafter, the Yehudas began attempts to secretly seize control of Oceanside from Fab Rock. Plaintiffs claim that the Yehudas forged Mr. Rubinstein's signature on an agreement regarding the assignment of the Trust's interest in Oceanside to Fab Rock and an amendment to that agreement granting the Trust an option to reacquire that interest from Fab Rock. Mrs. Yehuda disputes this contention and claims that she properly exercised the option agreement by delivering written notice to Mr. Rubinstein in December 2015.

In June 2016, Plaintiffs uncovered certain improprieties about the Yehudas' management of the Hotel Property. Plaintiffs demanded that the Yehudas turn over management and operation of the Hotel Property to Mr. Rubinstein. The Yehudas refused. In August 2016, Oceanside filed a lawsuit in California to remove the Yehudas from managing and operating the Hotel Property, alleging that the Yehudas: (1) misappropriated Oceanside's hotel proceeds, (2) created an entity to seize control of Oceanside and to convince third parties that the Yehudas were the managing members of Oceanside, and (3) entered into transactions on behalf of

---

[1] Plaintiffs allege that Mr. Rubinstein was always the managing member of Fab Rock and Oceanside.

3

Oceanside without its knowledge or consent. In their defense, the Yehudas argue that Fab Rock had no interest in Oceanside because the Trust exercised its option to reacquire all of Fab Rock's interest in Oceanside.

On April 28, 2017, the buyers purchased the Hotel Property from Oceanside for $13.5 million, pursuant to a warranty deed that was recorded in Broward County's public records on May 1, 2017. Mrs. Yehuda signed the deed as the sole manager of Oceanside. On the date of the sale, the Department's records reflected that Mrs. Yehuda was Oceanside's sole manager. Prior to the sale, Mrs. Yehuda also executed an affidavit in connection with the closing – swearing (1) that she was Oceanside's sole manager, (2) that she was authorized to execute deeds and other documents necessary to convey real property on Oceanside's behalf, and (3) that all the prerequisites needed to authorize the Hotel Property's sale had been effectuated. After Plaintiffs learned of the transaction, they sued.

## II.   APPLICABLE PRINCIPLES AND LAW

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.,* 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters,* 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements

4

applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of FED R. CIV. P. 8(a), which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.*, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla.

5

2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Katz*, 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. *Microsoft Corp.*, 211 F.R.D. at 684.

### III. ANALYSIS

Plaintiffs' motion seeks to strike several of Defendants' affirmative defenses because they contain various pleading deficiencies. First, Plaintiffs argue that Defendants' "general allegations" should be stricken because they contain denials of the allegations presented and do not constitute affirmative defenses. Second, Plaintiffs claims that Defendants' first, second, fifth, and twelfth affirmative defenses should be stricken because they are not affirmative defenses. And finally,

6

Plaintiffs suggest that Defendants' third, fifth, sixth, and eleventh affirmative defenses – which are purportedly based in fraud – should be stricken because they are insufficiently plead and fail to meet the heightened pleading requirements of Rule 9(b). Defendants' response is that even a cursory review of the answer and affirmative defenses establish that Plaintiffs' arguments lack merit. Defendants assert that their defenses contain tremendous detail and satisfy even the most rigorous of pleading standards. Therefore, Defendants conclude that Plaintiffs' motion should be denied in its entirety. We will discuss the parties' arguments in turn.

### A. *Defendants' General Allegations*

Plaintiffs' first argument is that Defendants' "general allegations" are not affirmative defenses and should be stricken. Plaintiffs claim that Federal Rule of Civil Procedure 8 does not allow for general denials because an affirmative defense "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Tara Prods., Inc. v. Hollywood Gadgets*, Inc., 2009 WL 4800542, at *1 (S.D. Fla. Dec. 11, 2009) (citing *Royal Palm Sav. Ass'n v. Pine Trace Corp.,* 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)). Because "general allegations" are not affirmative defenses, Plaintiffs conclude that they must be stricken.

Plaintiffs' argument is misplaced because, as Defendants state in their response, the five pages of "general allegations," serve nothing more than to better inform the Court of Defendants' specific defenses. Indeed, this portion of

7

Defendants' answer merely lays out the facts that give rise to the defenses presented – meaning they are obviously not affirmative defenses because they constitute Defendants' recitation of the facts in this case. Therefore, Plaintiffs' motion to strike Defendants' "general allegations" is **DENIED**.

### B. *Defendants' First Affirmative Defense – Lack of Capacity*

Next, Plaintiffs claim that Defendants' first affirmative defense – lack of capacity – should be stricken because it is improper as a matter of law. This affirmative defense asserts that Oceanside lacks capacity to bring this lawsuit because Section 6.9 of the Oceanside's Operating Agreement dictates that an aggregate of fifty-one percent or more is required to approve any action. Defendants claim that even if Fab Rock holds 50.5% of Oceanside (as it alleges), Plaintiffs lack standing to prosecute this case. Plaintiffs take issue with this affirmative defense because a review of the Operating Agreement does not support this contention. Therefore, Plaintiffs conclude that this affirmative defense is either frivolous or invalid as a matter of law.

Plaintiffs' argument is unpersuasive because it seeks to strike Defendants' affirmative defense because of the language in Oceanside's Operating Agreement. While either party may ultimately be correct in their interpretation of the Operating Agreement and how it affects the filing of this lawsuit, we are unconvinced – without a more developed factual and legal record – to find that this affirmative defense is patently frivolous or invalid as a matter of law. *See Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.

1962) ("Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts"). Accordingly, Plaintiffs' motion to strike Defendants' first affirmative defense is **DENIED**.

### B. *Defendants' Second Affirmative Defense – Recoupment*

Plaintiffs' next argument is that Defendants' second affirmative defense – recoupment – should be stricken because it is not an affirmative defense. The second affirmative defense states that the Yehudas and/or the Trust contributed $5,500,000 to Oceanside to keep the Hotel operational and that any recovery on behalf of Plaintiffs should be reduced by that amount. Plaintiffs do not present a substantive argument in support of their motion to strike this affirmative defense, but merely reference the decision in *Wiemer v. Felberbaum & Assocs., P.A.*, 2008 WL 299016, at *2 (S.D. Fla. Feb. 1, 2008). Defendants take issue with Plaintiffs' contention because it is unsupported and merely references an inapposite case that provides no guidance on whether recoupment constitutes an affirmative defense. In any event, Defendants claim that recoupment is an affirmative defense because any amount that Plaintiffs recover should be reduced considering the monetary contributions that Defendants made to Oceanside.

"Recoupment is defined as a method by which a defendant may reduce the amount of damages it is liable to pay. The focus of recoupment, therefore, is on the diminishment of a defendant's monetary liability, not on the plaintiff's recovery." *Oneida Indian Nation of New York v. New York*, 194 F. Supp. 2d 104, 145 (N.D.N.Y.

9

2002). That is, "[r]ecoupment is a common law, equitable doctrine that permits a defendant to assert a defensive claim aimed at reducing the amount of damages recoverable by a plaintiff." *United States v. Keystone Sanitation Co.*, 867 F. Supp. 275, 282 (M.D. Pa. 1994) (citing *Berger v. City of N. Miami*, 820 F. Supp. 989, 991 (E.D. Va. 1993)). Typically, recoupment is invoked in situations involving "a credit and debt arising out of a transaction for the same goods or services." *In re Malinowski*, 156 F.3d 131, 133 (2d Cir. 1998) (alterations omitted) (quoting *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1402–03 (9th Cir. 1996)).

Plaintiffs' motion to strike Defendants' second affirmative defense is unpersuasive because Plaintiffs failed to present their argument with any supporting authority or reasoning. Instead, Plaintiffs presented two conclusory sentences with the assertion that recoupment is not an affirmative defense and left it to the Court to determine the merits of Plaintiffs' argument. Because Plaintiffs – as the movant – bear "the burden of demonstrating that the challenged matter should be stricken," Plaintiffs motion to strike Defendants' second affirmative defense is **DENIED**. *Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, 2014 WL 585426, at *2 (M.D. Fla. Feb. 14, 2014) (citing *Unique Inds., Inc. v. 965207 Alberta Ltd.*, 722 F.Supp.2d 1, *5 (D.C. Cir. 2009)).

### D. *Defendants' Fifth Affirmative Defense – Estoppel*

Plaintiffs challenge Defendants' fifth affirmative defense because Defendants argue that both Mr. Gamliel and Steven Braverman ("Mr. Braverman") could not have served as Oceanside's attorneys at the same time. Plaintiffs suggest that it is

10

well established that multiple attorneys can serve a client at the same time and that there is no legal authority that supports Defendants' position. As such, Plaintiffs conclude that the fifth affirmative defense of estoppel must be stricken as clearly erroneous.

Plaintiffs' argument misses the mark because it misconstrues the fifth affirmative defense. The fifth affirmative defense states that Plaintiffs should be estopped from asserting that Mr. Gamliel was the attorney for Oceanside with respect to the sale of the Hotel in April 2017 based on Plaintiffs' representations that Mr. Braverman was the company's sole attorney. That is, Defendants do not challenge the principle that multiple attorneys may serve a client at the same time; they merely assert that Plaintiffs should be estopped from taking conflicting positions on who represented Oceanside. Accordingly, there is nothing illogical about this affirmative defense and therefore Plaintiff's motion to strike is **DENIED**.

### F.    *Defendants' Third (Fraud in the Inducement) Fifth (Estoppel), Sixth (Unclean Hands), and Eleventh Affirmative Defenses (In Pari Delicto)*

Plaintiffs' next argument is that Defendants' third, fifth, sixth, and eleventh affirmative defenses should be stricken because they include averments of fraud but fail to comply with the heightened pleading requirements of Rule 9(b). Plaintiffs claim that these affirmative defenses lack the required specificity because they do not include (1) the statements that were made, (2) the time and place of each alleged statement, or (3) what Plaintiffs gained because of the fraud. Therefore, Plaintiffs conclude that these affirmative defenses are defective and cannot stand.

11

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). That is, the Court may "strike an affirmative defense as insufficient as a matter of law if it fails to comply with Rule 9(b)." *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, 2012 WL 1416428, *2 (S.D. Fla. Apr. 24, 2012). Rule 9(b) also applies to claims and defenses and "[m]ere conclusory allegations of fraud, couched in statutory language, will not satisfy Rule 9(b)." *First Union Brokerage v. Milos*, 717 F. Supp. 1519, 1522 (S.D. Fla. 1989). Indeed, "[t]he allegations 'must be accompanied by some delineation of the underlying acts and transactions which are asserted to constitute fraud.'" *Id.* (citing *Merrill Lynch, Pierce, Fenner & Smith v. Del Valle*, 528 F. Supp. 147, 149 (S.D. Fla. 1981)).

After a thorough review of the arguments presented, we conclude that the fifth, sixth, and eleventh affirmative defenses do not include averments of fraud nor do they trigger the heightened pleading requirements of Rule 9(b). This does mean, however, that estoppel, unclean hands, or *in pari delicto* cannot ever be subjected to Rule 9(b). *See, e.g.*, *Colon v. Fource Hotel Properties, LLC*, 2011 WL 13302684, at *1 (M.D. Fla. Jan. 21, 2011) ("[T]he Defendants' affirmative defense [of unclean hands] sets forth that any mistake in payment to Plaintiff is attributable Plaintiff's own neglect, deception, fraud or intentional falsification. Because the affirmative defense includes allegations of fraud, it must be pled with particularity per Federal

12

Rule of Civil Procedure 9(b)."). It merely means that the affirmative defenses in this case are not premised on fraud.

For example, the fifth (estoppel) and eleventh (*in pari delicto*) affirmative defenses are premised on Defendants' argument that Plaintiffs should be estopped from seeking damages and rescission because Plaintiffs chose not to correct the public record. Defendants also state that Plaintiffs should be estopped from asserting that Mr. Gamliel was the attorney for Oceanside when Mr. Rubinstein has represented that Mr. Braverman's was the company's sole attorney. Neither of these contentions are premised on fraud. The same is true for the sixth affirmative defense where Defendants assert that Plaintiffs have unclean hands. Defendants do not claim fraud but argue that Plaintiffs have unclean hands because the latter decided to disregard their statutory obligations and did nothing with respect to their claim of ownership of Oceanside from November 2015 to June 2016. Therefore, Plaintiffs' motion to strike Defendants' fifth, sixth, and eleventh affirmative defenses is **DENIED** because Rule 9(b) does not apply given the facts presented.

As for Defendants' third affirmative defense of fraud in the inducement, there is no dispute that Rule 9(b) applies. *See Faro v. Sondermann*, 2011 WL 3268085, at *2 (S.D. Fla. July 29, 2011) ("Pursuant to Federal Rule of Civil Procedure 9(b), the circumstances constituting fraud in the inducement must be plead with particularity."). This affirmative defense states that in late 2013, Mr. Rubinstein represented to the Yehudas that he would take over the Trust's 50.5% interest in

Oceanside on a temporary basis of helping the Yehudas refinance an existing loan on the hotel. Mr. Rubinstein purportedly agreed that he would return the Trust's interest pursuant to the terms of written agreements. Defendants allege that this representation is contrary to the allegations in Plaintiffs complaint and that the Yehudas relied on Plaintiffs to their detriment in assigning the Trust's interest in Oceanside. That is, Defendants believe that Plaintiffs fraudulently induced them to assign their interests to Mr. Rubinstein when it was only intended to be temporary – not permanent.

Defendants argue that the third affirmative defense satisfies Rule 9(b) because it states the year in which Mr. Rubinstein made certain misrepresentations to the Yehudas and explains how he obtained the Trust's 50.5% interest. However, to comply with Rule 9(b), Defendants "must plead facts as to time, place, and substance of [Plaintiffs'] alleged fraud, specifically the details of the . . . fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Clausen v. Lab. Corp. of Am.,* 290 F.3d 1301, 1310 (11th Cir. 2002) (internal citations omitted). Here, the third affirmative defense does not meet the requirements of Rule 9(b) because it fails to provide the precise timing and location of the alleged fraud. The third affirmative defense is also inadequate because – while it vaguely references that Mr. Rubinstein induced the Yehudas in violation of written agreements – it does not specify those agreements nor the substance of Mr. Rubinstein's representations. That is, Defendants failed to "allege a specific date, [or] time," nor does the third affirmative defense reference any specific

14

misstatements from Mr. Rubinstein. *NCR Credit Corp. v. Reptron Elecs., Inc.*, 155 F.R.D. 690, 693 (M.D. Fla. 1994). Because more factual support is needed to meet the requirements of Rule 9(b), Plaintiffs' motion to strike Defendants' third affirmative defense is **GRANTED**.

### E. *Defendants' Twelfth Affirmative Defense – Statutory Apparent Authority*

Plaintiffs argue that Defendants' twelfth affirmative defense of statutory apparent authority should be stricken because Defendants concede in their answer that it does not constitute an affirmative defense. The twelfth affirmative defense asserts that the warranty deed that Mrs. Yehuda executed is conclusive in favor of the buyers under section 605.04074 of Florida's Revised LLC Act. Defendants argue that they raised this as an affirmative defense because Plaintiffs made this assertion repeatedly throughout this case. Defendants also note that the buyers included the same defense in their answer, yet Plaintiffs did not seek to strike it. Therefore, Defendants conclude that the twelfth affirmative defense should stand.

Plaintiff's motion is well taken because statutory apparent authority under Florida's Revised LLC Act does not admit to the allegations in the complaint and therefore cannot constitute an affirmative defense. Instead, it does the opposite by disputing the authority of the person signing an instrument and determining that a buyer who gives value without knowledge is entitled to the property in question. And although this defense does not constitute an affirmative defense, this does not foreclose relief under Florida Revised LLC Act to the extent that it applies in the

15

disposition of the allegations presented. Therefore, Plaintiff's motion to strike Defendants' twelfth affirmative defense is **GRANTED**.

### IV.    *CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motion to strike [D.E. 224] is **GRANTED in part** and **DENIED in part**:

A.    Plaintiffs' motion to strike Defendants' third (fraud in the inducement) and twelfth (statutory apparent authority) affirmative defenses is **GRANTED**.

B.    In all other respects, Plaintiffs' motion to strike is **DENIED**.

C.    Any amended answer shall be filed within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of January, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge