## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 0:17-cv-61019-Williams/Torres

ARTURO RUBINSTEIN, individually, FAB ROCK
INVESTMENTS, LLC, a Nevada limited liability
company, and OCEANSIDE MILE, LLC, a Florida
limited liability company,

      Plaintiffs,

v.

THE KESHET INTER VIVOS TRUST, YORAM
YEHUDA, individually, SHARONA YEHUDA,
individual, KARIN YEHUDA, individually, THE
MAYO GROUP, LLC, a Florida limited liability
company, MAZLIACH GAMLIEL, individually,
EYAL GAMLIEL, individually, YORAM ELIYAHU,
individually, BRIDGE TO THE FUTURE, LLC, a
Florida limited liability company, MIKE
SEDAGHATI, individually, ORIT MAIMON,
individually, STONEGATE BANK, a Florida
corporation, BNH HM TRI, LLC, a Florida limited
liability company, and 1159 HILLSBORO MILE,
LLC, a Florida limited liability company,

      Defendants.

_____/

### DEFENDANTS' APPEAL OF THE MAGISTRATE'S ORDER (DE 259)

      Pursuant to 28 U.S.C. § 636(b)(1)(A) and Magistrate Rule 4(a)(1) of the Local Rules for

the Southern District of Florida, Defendants the Keshet Inter Vivos Trust, Yoram Yehuda, and

Sharona Yehuda (collectively, "Defendants"), by and through undersigned counsel, hereby

submit this Appeal of the Magistrate Judge's Order on the Crime-Fraud Exception and Setting

Evidentiary Hearing (DE 259) ("Appeal").

## INTRODUCTION

Defendants appeal Magistrate Judge Torres's Order on the Crime-Fraud Exception and Setting Evidentiary Hearing (DE 259) (the "Order"). The Order effectively subjects Defendants to a bench trial on the ultimate factual issue in this case: whether the Yehudas committed the frauds Plaintiffs allege. The "frauds" on which Plaintiffs rely to apply the crime-fraud exception are a carbon copy of those that will be resolved on the merits at trial in April of 2019. In other words, to preserve the attorney-client privilege, Defendants are now obligated to submit the very same witnesses and evidence necessary to prove their defenses to Plaintiffs' substantive claims. Because the issues are identical and because Defendants will bear the burden of persuasion to disprove the crime-fraud exception, the Order shifts the ultimate burden in this litigation to the Defendants to disprove Plaintiffs' case. The factual issues to be addressed at the evidentiary hearing are not appropriately resolved by the Magistrate in a discovery dispute—they are issues of fact that must be left to the trier of fact. Consequently, the Order is contrary to law and should be set aside. Ruling on the crime-fraud exception should, at a minimum, be reserved until the parties present their cases at trial in April.

Alternatively, if the Court declines to set aside the Order, the Order must nonetheless be deemed contrary to law as currently written. The Order fails to notify Defendants of the conduct or communications that support the Magistrate's ruling, depriving Defendants' of due process and denying them the opportunity to rebut the Magistrate's finding that the crime-fraud exception applies. The Order must, therefore, be amended to comply with the law in this regard.

## BACKGROUND AND PROCEDURAL POSTURE

This lawsuit is only a fragment of a lengthy legal chronicle between Plaintiff Arturo Rubinstein ("Rubinstein") and Yoram and Sharona Yehuda ("Mr. and Mrs. Yehuda," or the

"Yehudas," collectively).  Rubinstein's claims against the Yehudas stem from his assertion that the Yehudas permanently assigned their 50.5% ownership interest in a Florida limited liability company, Oceanside Mile, LLC ("Oceanside"), to Rubinstein's personal LLC, Fab Rock Investments, LLC ("Fab Rock").[1]  *See* Second Amended Complaint ("SAC") (DE 149) ¶¶ 24–26. The Yehudas respond that the transfer was only temporary—a mere favor and an agreement common between the once close friends.  Specifically, the parties agreed that Rubinstein would maintain a nominee interest in Oceanside until such time as the Yehudas would retake their interest, which was done in December of 2015.  Thereafter, Sharona Yehuda ("Mrs. Yehuda"), as the authorized representative of Oceanside, sold the Hotel to Defendants BNH IV HM TRI, LLC and 1159 Hillsboro Mile, LLC (the "Buyers") in April of 2017.

Following the sale, Rubinstein—on behalf of himself, Fab Rock, and (purportedly) Oceanside (collectively, "Plaintiffs")—filed the instant lawsuit against the Yehudas, claiming fraud and conversion (among others).  These tort claims assert that the Yehudas defrauded Plaintiffs by misrepresenting the permanent nature of the transfer of the 50.5% interest in Oceanside, "when in fact [the Yehudas] intended to take the interest back."  *See* SAC ¶¶ 93-94. Plaintiffs further contend that the purpose and result of this misrepresentation and the fraudulent conduct alleged in the SAC was to steal Fab Rock's 50.5% interest, sell the Hotel, and abscond with the proceeds.  *See id.* ¶¶ 35–40, 46, 58, 60, 93–98, 142–147.

During the now-closed discovery phase of this litigation, Plaintiffs sought to compel communications between Defendants and Oceanside's attorney, Steve Braverman ("Mr. Braverman").  Defendants objected, asserting that the communications were privileged attorney-client communications.  Plaintiffs responded and raised the crime-fraud exception to the

---

[1] Oceanside owned a $13.5 million beachfront hotel, the Seabonay Beach Resort located in Hillsboro Beach, Florida (the "Hotel"), a property in which the Yehudas invested nearly $5 million of their own money.

attorney-client privilege, alleging that Mr. Braverman "represented the Yehudas in connection with the fraudulent sale of the Hotel" and his "assistance was utilized in furtherance of the fraudulent activity." *See generally* Plaintiffs' Memorandum in Support of Crime-Fraud Briefing (DE 242) ("Motion to Compel") at 5, 10.

After receiving argument and the submission of evidence from the parties, the Magistrate ordered Defendants and Mr. Braverman to produce the subject communications for an *in-camera* inspection, finding that Plaintiffs made a *prima facie* showing that the crime-fraud exception applies.[2] *See* Omnibus Order (DE 205) (Nov. 19, 2018).  On January 11, 2019, after completing his *in-camera* review, the Magistrate issued the Order (DE 259).  The Order provides: "Having reviewed all of the documents produced, the deposition transcript of Mrs. Yehuda, and the entire record presented, we find that there is ample evidence to conclude that the crime-fraud exception applies." *Id.* at 2.  The Order does not specify any of the evidence on which the ruling is based. *Id.*  The Magistrate further held that Defendants are to appear at an evidentiary hearing on February 12, 2019, at which they will "provide a reasonable explanation for the communication or [their] conduct." *Id.* (quoting *Butler, Pappas, Weihmuller, Katz, Craig, LLP v. Coral Reef of Key Biscayne Developers, Inc.*, 873 So. 2d 339, 342 (Fla. 3d DCA 2003)).  The Order also advised that Defendants shall carry the burden of persuasion at this evidentiary hearing. *Id.*

---

[2] Defendants and Mr. Braverman separately submitted communications for the Magistrate's *in-camera* review.  Defendants were not privy to the communications that Mr. Braverman submitted to the Magistrate.  Based on that review, the Magistrate found that supplemental production was necessary and expanded the time frame of the *in-camera* production. *See* Order (DE 243).  Defendants responded that no additional communications were responsive.  The Magistrate then required Defendants to provide the deposition transcript of Mrs. Yehuda to determine the applicability of the crime-fraud exception. *See* Order (DE 256).

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

## LEGAL STANDARD

Pursuant to Magistrate Rule 4(a)(1) of the Local Rules for the Southern District of Florida, "[a]ny party may appeal from a Magistrate Judge's order determining a motion . . . within fourteen (14) days after being served with the Magistrate Judge's order," and the "District Judge shall consider the appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

## ARGUMENT

**I.    The Order is Contrary to Law Because it Requires a Full Trial on the Merits of Plaintiffs' Substantive Claims and Defendants' Defenses.**

The conduct, evidence, credibility determinations, and inferences that the Magistrate will consider at the forthcoming evidentiary hearing on the crime-fraud exception are *identical* to those that will ultimately be addressed and reviewed by the jury at trial.  For this reason, the Order is contrary to law.  To preserve the attorney-client privilege, Defendants will be required to present the witnesses and evidence to rebut Plaintiffs' *prima facie* case of fraud.  *See Gutter v. E.I. DuPont de Nemours*, 124 F. Supp. 2d 1291, 1307 (S.D. Fla. 2000) (after a *prima facie* case is shown, burden falls to the client to produce evidence to rebut movant's contentions). Effectively, therefore, the Magistrate's Order shifts the ultimate burden on Plaintiffs' claims to Defendants, requiring Defendants to now *disprove* Plaintiffs' fraud claims by a preponderance of the evidence.  *See* Order (DE 259) at 2; *see also Gutter*, 124 F. Supp. 2d at 1307.

The evidence relied on by the Magistrate to find a *prima facie* case of the crime-fraud exception is the same evidence Plaintiffs will utilize to support their allegations of fraud when this case goes before a jury in April.  For example, in the Second Amended Complaint, Plaintiffs

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

allege that Defendants defrauded them, stealing Fab Rock's 50.5% interest in Oceanside in order to fraudulently convey the Hotel to the Buyers and escape with the proceeds.  *See* SAC ¶¶ 35–40, 46, 58, 60, 93–98, 142–147.  The Magistrate found a *prima facie* case of crime fraud based on these same accusations, concluding that: Defendants made material omissions and misrepresentations with respect to their fraudulent conveyance of the Hotel, *compare* Order (DE 2015) at 10, 12–13 *with* SAC ¶¶ 49–57 *and* Motion to Compel (DE 242) at 5–6; and forged Rubinstein's signature on documents in order to commit the fraud and conversions alleged, *compare* Omnibus Order (DE 205) at 11–12 *with* SAC ¶ 46.

Holding an evidentiary hearing on these issues will, therefore, result in a "lengthy trial on the crime-fraud subject as a preface to the actual trial on the merits in the case."  *Barba v. Shire US, Inc.*, No. 13-cv-21158, 2015 U.S. Dist. LEXIS 153211, at *6–8 (S.D. Fla. Nov. 12, 2015) (denying request to apply crime-fraud exception where discovery dispute on exception would "morph into what amounts to a 'trial on the papers'").   At trial, Plaintiffs will bear the burden of proving their fraud allegations, including that Defendants intended to mislead and misrepresent. *See United States v. Bradley*, 644 F.3d 1213, 1239 n.58 (11th Cir. 2011) (noting that common law fraud "entail[s] an intention to induce the victim to act or to refrain from action in reliance upon the misrepresentation") (citation omitted); *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1317 (S.D. Fla. 2017) (citing *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010)) (noting that the essential elements of fraud under Florida law are, *inter alia*, "an intention that the representation induce another to act on it"); *Gutter*, 124 F. Supp. 2d at 1311 ("[I]f recovery is sought on the ground of fraud, all the necessary elements going to make up fraud at common law or under a statute defining fraud, must appear, including fraudulent intent, reliance on the false statements, and injury from them.").

The issue of intent is also "central to th[e] [crime-fraud] inquiry." *Gutter*, 124 F. Supp. 2d at 1311–12 (citing *United States v. Soudan*, 812 F.2d 920, 927 (5th Cir. 1986)). Whereas at the trial on Plaintiffs' claims, Plaintiffs will carry the burden to prove intent to defraud by a preponderance of the evidence, at the hearing on the crime-fraud exception, the burden will be on Defendants to prove that there was no intent to defraud, by a preponderance of the evidence.[3] *See In re Method for Processing Ethanol Byproducts & Related Subsystems Patent Litigation (Iroquois)*, No. 1:10-ml-2181-LJM-DML, 2015 U.S. Dist. LEXIS 63835 (S.D. Ind. May 15, 2015) (denying motion to apply crime-fraud exception without prejudice where the "persuasive value or strength (or lack thereof) of certain evidence identified by [the movant] as indicative of fraud, including the intent element, may depend in large part on a fact-finder's evaluation of the credibility of witnesses"). *See* Order (DE 259) at 2.

Simply put, Plaintiffs' assertion of the crime-fraud exception to the attorney-client privilege rests on the very same factual issue that forms the crux of this entire action: whether the Yehudas defrauded Plaintiffs. Resolution of this question will require the jury on which the jury to make inferences and render credibility determinations. The Order, therefore, compels a dress rehearsal of this process before the Magistrate, one in which Defendants bear the burden of *disproving* Plaintiffs' claims. Rather than engage in a lengthy trial on the crime-fraud subject as a preface to the actual trial on the merits, this Court should defer ruling until the factual predicate

---

[3] The Magistrate noted at the *prima facie* stage that Defendants' intent was not relevant. *See* Omnibus Order (DE 205) at 10–11 (citing *In re: Terazosin Hydrochloride Antitrust Litig.*, 2001 WL 34050474, at *2 (S.D. Fla. Dec. 19, 2001) for the proposition that in order to invoke the crime-fraud exception, the proponent need not "prove that the acts in question were intentional"). However, *Gutter* does not state or suggest that that intent is irrelevant to a determination of crime-fraud. To the contrary, *Gutter* acknowledges that "the client's intent is central to th[e] [crime-fraud] inquiry." *Gutter*, 124 F. Supp. 2d at 1311–12 (citing *United States v. Soudan*, 812 F.2d 920, 927 (5th Cir. 1986)).

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

for the crime-fraud exception can be determined during the trial itself.  To say otherwise would permit Plaintiffs a dry run of their trial.  The Order is contrary to law for this reason.

The cases of *Barba v. Shire US, Inc.*, and *Iroquois* are instructive on this point.[4]  In *Iroquois*, the court denied a motion to compel attorney-client communications where, *inter alia*, "[t]he persuasive value or strength (or lack thereof) of certain of the evidence identified by the [movant] as indicative of fraud, including the intent element, may depend in large part on a fact-finder's evaluation of the credibility of witnesses," and also involved competing experts regarding documentary evidence.  *See In re: Method for Processing Ethanol Byproducts (Iroquois)*, No. 1:10-ml-2181-LJM-DML, 2015 U.S. Dist. LEXIS 63835, at *8–10 (S.D. Ind. May 15, 2015).  The *Babra* court concluded that because the factual predicate to determine application of the crime-fraud exception was the same as the evidence to be adduced at trial, it would be improper to proceed with what would amount to nothing less than a test run of the actual trial in the case.  *See id.* at *8–9 (noting that the movant's "motion attempts to demonstrate in discovery briefing the very abuse that must be shown to the satisfaction of the [factfinder] at the [] conduct trial" given that "the very same conduct, evidence, and inferences on which [the movant] relies to make its case for application of the crime-fraud exception are the foundation of [its case]").  Balancing the interests of both parties, the *Iroquois* court reserved ruling on the crime-fraud issue until the actual trial, where it would then be able to review the relevant evidence, as opposed to forcing the party defending the privilege to participate in two trials on the merits.  *See id.* at *13 ("[T]he court requires that the factual predicate for the crime-

---

[4] Because this lawsuit is premised on federal question jurisdiction, *see* SAC ¶ 1 (citing 18 U.S.C. § 1964), federal privilege law applies, not Florida law.  *See DeMartini v. Town of Gulf Stream*, No. 16-cv-81371, 2017 U.S. Dist. LEXIS 55213, at *4 (S.D. Fla. Apr. 11, 2017) (citing *Hancock v. Hobbs*, 967 F.2d 426, 467 (11th Cir. 1992)) ("The Eleventh Circuit instructs that 'where the court's jurisdiction is premised upon a federal question, courts should apply 'the federal law of privilege' to both the federal claims and any pendant state law claims.").  The Magistrate's ruling to the contrary is erroneous.  *See* Omnibus Order (DE 205) at 6 n.2.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

fraud exception be determined in an adversarial proceeding—most likely during the inequitable conduct trial itself given the near identity of the issues.").

Likewise in *Barba v. Shire US, Inc.*, No. 13-cv-21158, 2015 U.S. Dist. LEXIS 153211 (S.D. Fla. Nov. 12, 2015), Magistrate Judge John Goodman denied a motion to compel attorney-client communications, finding that where "the core of Plaintiffs' argument for the crime-fraud exception mirrors their substantive claims in this lawsuit," a more "thorough adversarial process beyond the discovery context" is required to "adequately adjudicate[]" such an "an intricate and case-determinative matter." *See id.* at *6–9.

In short, the crime-fraud exception should not be resolved during discovery where the factual issues underlying application of the crime-fraud exception are identical to those to be adjudicated by the factfinder at trial. Here, the allegations on which Plaintiffs assert application of the exception and those on which they will seek relief from a jury are indistinguishable. The Order setting an evidentiary hearing on these issues places the burden of proof on Defendants to disprove Plaintiffs' fraud allegations, grants Plaintiffs a dress rehearsal of trial, and forces Defendants to mount a complete defense to Plaintiffs' substantive claims. As indicated by *Iroquois* and *Babra*, this is improper and contrary to law.

Moreover, a determination by the Magistrate on the issue of fraud would infringe on the District Court's authority. Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may designate a magistrate to hear any pretrial matter pending before the court, except "a motion for injunctive relief, for judgment on the pleadings, [or] for summary judgment . . . ." While this Court referred "all discovery disputes and non-dispositive pretrial motions" to the Magistrate, Paperless Order (DE 16), it has not referred this issue to the Magistrate for "proposed findings of fact and recommendations" pursuant to 28 U.S.C. § 636(b)(1)(B)–(C). A ruling on the issue of crime-

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

fraud would be tantamount to a ruling on Plaintiffs' substantive tort claims.  Absent specific referral, the Magistrate lacks jurisdiction to hear such a matter pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72, and Rule 1 of the Local Magistrate Judge Rules for the Southern District of Florida. *See generally Wandner v. Am. Airlines*, 79 F. Supp. 3d 1285, 1295 (S.D. Fla. 2015) (quoting Fed. R. Civ. P. 72(a)) (noting that "[m]agistrate judges may issue an order on any 'pretrial matter not dispositive of a party's claim or defense'"); *Coach, Inc. v. Swap Shop, Inc.*, No. 12-cv-60400, 2013 U.S. Dist. LEXIS 119198, at *2 (S.D. Fla. Aug. 13, 2013).

For these reasons, the Order should be set aside as contrary to law and the evidentiary hearing cancelled.  A final determination on the application of the crime-fraud exception should (and must) be reserved until Defendants can present their defenses to Plaintiffs' substantive fraud claims, *i.e.* at trial in April.  *See Babra*, 2015 U.S. Dist. LEXIS 153211, at *8 (noting that a solution to this issue is to "deny the motion *without prejudice* until the factual predicate for the crime-fraud exception could be determined in an adversarial proceeding—most likely during the trial itself given the near identity of the issues") (internal citation and quotation omitted).

## II.    In the Alternative, the Order is Contrary to Law Because it Fails to Apprise Defendants of the Charges Against Them.

In the alternative and to the extent the evidentiary hearing is to proceed, the Order is also contrary to law because it fails to apprise Defendants of the conduct and/or communications Defendants are to explain at the evidentiary hearing, and on which Defendants carry the burden of persuasion.  *See* Order (DE 259) at 2 (quoting *Butler*, 873 So. 2d at 342).

Under federal law, there is a two-step process to determine whether the crime-fraud exception applies.  First, the movant must put forth a *prima facie* showing that the exception applies.  *See Babra*, 2015 U.S. Dist. LEXIS 153211, at *8 (citing *Gutter*, 124 F. Supp. 2d at 1307).  Then, the burden of persuasion shifts to the party asserting the privilege to provide a

reasonable explanation for the conduct in question.  *Id.*  If the court finds the evidence propounded by the party claiming the privilege to be sufficient, the privilege remains.  *See id.*  Before the party asserting the privilege is presented with the opportunity to rebut the moving party's contentions via an adversarial proceeding, the court may undertake an *in camera* review of the privileged documents.  *See id.*; *Gutter*, 124 F. Supp. 2d at 1307 (approving of *in camera* inspection where the movant "initially made a showing of a prima facie case sufficient to require an *in camera* inspection of documents").

The Magistrate granted Plaintiffs' Motion to Compel an *in-camera* inspection finding that Plaintiffs made a *prima facie* showing that the crime-fraud exception applies.  *See* Omnibus Order (DE 205).  The Magistrate held, however, that, "before a determination could be made on whether the crime-fraud exception applied, Defendants were required to produce to the Court the documents in question during the relevant time period."  Order (DE 259) at 1.  The Court compelled Defendants and Mr. Braverman to produce any communications between Mr. Braverman and the Yehudas six months before and after January 1, 2012 and April 2017.  After reviewing the communications *in camera*, the Magistrate held: "Having reviewed all of the documents produced, the deposition transcript of Mrs. Yehuda, and the entire record presented, we find that there is ample evidence to conclude that the crime-fraud exception applies."  *Id.* at 2.  The Order, however, does not specify any of the evidence on which the ruling is based.  *Id.*

The evidence supporting the Magistrate's ruling that the crime-fraud exception applies is critical because Defendants are required to explain this communication to maintain the attorney-client privilege.  *See* Order (DE 259) at 2 (stating that Defendants are "entitled to provide a reasonable explanation for the communication or its conduct at an evidentiary hearing at which the client carries the burden of persuasion to give a reasonable explanation for its communication

or conduct") (quoting *Butler*, 873 So. 2d at 342).  Defendants cannot explain that which they do not know.  Further, Defendants can only assume that there is some additional evidence—aside from that set forth in the Magistrate's original ruling on the *prima facie* case, (DE 205)—that supports the Magistrate's ultimate finding that the crime-fraud exception applies.  In the first order, Omnibus Order (DE 205), the Magistrate expressly said that Plaintiffs made a *prima facie* showing that the crime-fraud exception applies, but concluded that the Court needed to review additional evidence "before a determination could be made on whether the crime-fraud exception applied[.]"  Order (DE 259) at 1.  The Order does not explain what additional evidence pushed the needle from a "*prima facie* showing" to an ultimate finding that the exception applied.  As a result, the Magistrate's Order does not adequately notify Defendants of the basis for the Court's ruling and, in turn, critically hampers their ability to prepare for the evidentiary hearing.  Defendants do not know what evidence the Magistrate will give them an opportunity to explain at the evidentiary hearing.  As noted, Defendants carry the burden of persuasion of this hearing.  *See id.* at 2.  If Defendants do not carry their burden, a drastic remedy ensues:  Defendants' attorney-client communications will be subject to disclosure.  *See id.*

Without notice of the communications on which the Court based its ruling and on which Defendants are to appear and provide an explanation, Defendants will be deprived procedural due process.  "The importance of the [attorney-client] privilege . . . as well as fundamental concepts of due process require that the party defending the privilege be given the opportunity to be heard, by evidence and argument, at the hearing seeking an exception to the privilege[.]" *Haines v. Liggett Gr., Inc.*, 975 F. 2d 81, 97 (3d Cir. 1992); *cf. Aldar Tobacco Grp., Ltd. Liab. Co. v. Gielchinsky*, 577 F. App'x 903, 906 (11th Cir. 2014) (finding no due process violation where party had "had ample opportunity to prepare evidence and to obtain witness testimony").

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

In contrast with *Aldar*, Defendants here do not know the universe of evidence that supports the Magistrate's conclusions that the crime-fraud exception applies. *See also Yaffa v. Weidner*, 717 F. App'x 878, 885 (11th Cir. 2017) (stating that, in the context of attorney sanctions, due process requires "notice that her conduct may warrant sanctions and the reasons why") (citation omitted). Consequently, the Order is contrary to law for this additional reason, and should be set aside.[5]

## CONCLUSION

For the foregoing reasons, the Order is contrary to law.  Given the complete overlap between the Plaintiffs' assertion of the crime-fraud exception and the very claims they intend to present to a jury, the evidentiary hearing set by the Order requires a full trial on the merits of Plaintiffs' claims and Defendants' defenses.  Such a dry run should not be allowed to proceed. Accordingly, Defendants respectfully request that this Court enter an order either:  (a) setting aside the Order, cancelling the evidentiary hearing, and reserving ruling on Plaintiffs' Motion to Compel until trial; or (b) requiring the Magistrate to clarify the basis for the conclusion rendered in the Order via either *ex parte* hearing or amended order and granting Defendants additional time to prepare their case for the evidentiary hearing.

---

[5] Defendants only take issue with the Order in this respect as it is presently drafted.  Prior to filing this Appeal, Defendants first sought clarification from the Magistrate.  *See* Motion for *Ex Parte* Hearing or, in the Alternative, for Clarification of this Court's Order (DE 261). Defendants respectfully requested that the Magistrate identify the communications that formed the basis for the Order by: (1) conducting an *ex parte* hearing (to protect the privileged nature of the communications at issue); or (2) clarifying the Order by listing (by providing identifying information) the communications at issue and which will be the subject of the upcoming evidentiary hearing.  *Id.* at ¶ 10.  Defendants sought this relief so they could "adequately prepare for the evidentiary hearing on February 12, 2018 and submit pertinent materials in advance thereof as ordered by this Court."  *Id.* at ¶¶ 7–10.  Defendants' Motion for Clarification was largely unopposed.  *Id.* at 5 (S.D. Fla. L.R. 7.1(a)(3) Certification).  As of the date of this Appeal, however, the briefing on Defendants' Motion for Clarification has not closed.  Thus, the Magistrate has not ruled on Defendants' Motion.  However, the fourteen-day period in which to appeal the Magistrate Judge's Order will conclude on January 25, 2019.  *See* S.D. Fla. Magistrate Rule 4(a)(1).  Accordingly, Defendants bring the present Appeal.

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900

Dated this 25th day of January, 2019.

Respectfully submitted,

BAKER & McKENZIE LLP
*Attorneys for Defendants*
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile:  (305) 789-8953

By:  /s/ William V. Roppolo
William V. Roppolo
Florida Bar No. 182850
william.roppolo@bakermckenzie.com

Benjamin C. Davis
Florida Bar No. 110734
benjamin.davis@bakermckenzie.com

Jodi A. Avila
Florida Bar No. 102787
jodi.avila@bakermckenzie.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2019, I electronically served the foregoing document on all counsel of record or pro se parties identified on the attached Service List.

By: /s/ William V. Roppolo
William V. Roppolo

## SERVICE LIST

### Case No. 17-cv-61019-Williams/Torres

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

ARTURO RUBINSTEIN, FAB ROCK INVESTMENTS, LLC.,
AND OCEANSIDE MILE, LLC.,

v.

THE KESHET INTER VIVOS TRUST, YORAM YEHUDA, SHARONA YEHUDA, KARIN
YEHUDA, THE MAYO GROUP, LLC., EYAL GAMLIEL, MAZLIACH GAMLIEL, YORAM
ELIYAHU, BRIDGE TO THE FUTURE, LLC., MIKE SEDAGHATI, ORIT MAIMON,
STONEGATE BANK, BNH IV HM TRI, LLC., and 1159 HILLSBORO MILE, LLC.

Nicole M. Wall, Esq.
Ilana M. Moskowitz
Cole, Scott, & Kissane, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Tel: (561) 383-9236
Fax: (561) 683-8977
nicole.wall@csklegal.com
ilana.moskowitz@csklegal.com
*Attorneys for Plaintiffs*

Brian Grossman
Tesser Grossman LLP
11990 San Vicente Blvd., Suite 300
Los Angeles, CA 90049
Tel: (310) 207-4558
Fax: (424) 256-2689
brian@tessergrossman.com
*Attorney for Plaintiffs (Admitted PHV)*

Joseph B. Heimovics, Esq.
Joseph B. Heimovics, P.A.
15951 S.W. 41st Street, Suite 800
Davie, Florida 33331
Tel: (954) 626-3402
Fax: (954) 626-3403
joe@heimovicslaw.com
*Attorney for Stonegate Bank*

Christopher W. Smart
Scott D. Feather
Carlton Fields Jorden Burt, P.A.
P.O. Box 3239
Tampa, Florida, 33607
Tel: (813) 223-7000
Fax: (813) 229-4133
csmart@carltonfields.com
sfeather@cfjblaw.com
*Attorneys for BNH IV HM TRI, LLC
and 1159 Hillsboro Mile, LLC*

Darrell W. Payne
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
150 W. Flagler Street, Suite 2200
Miami, Florida 33130
Tel: (305) 789-3415
dpayne@stearnsweaver.com
*Attorney for BNH IV HM TRI, LLC
and 1159 Hillsboro Mile, LLC*

Matt Tornincasa
Shendell & Pollock PL
2700 N. Military Trail, Suite 150
Boca Raton, Florida 33431
Tel: (561) 241-2323
matt@shendellpollock.com
*Attorneys for Steve Braverman*

15

Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, Florida 33131 – (305) 789-8900