UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-61019-CIV-WILLIAMS

ARTURO RUBINSTEIN, et al.,

    Plaintiffs,

vs.

THE KESHET INTER VIVOS TRUST, et al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiffs Fab Rock Investments, LLC, Oceanside Mile, LLC, and Arturo Rubinstein's (collectively, "Plaintiffs") motion to amend the final judgment to include prejudgment interest (DE 504). Plaintiffs argue that they are entitled to prejudgment interest on their compensatory damages, which the jury found to be $1,000,000. Plaintiffs suggest that because they prevailed on their claim for conversion against Defendants, Florida law allows the Court to exercise its discretion and award prejudgment interest from the date of their loss, which they maintain is April 28, 2017, the date on which the Hotel was sold. Defendants argue that prejudgment interest from the 2017 date of the sale of the Hotel is not appropriate in this case because "Plaintiffs' damages were not liquidated and measurable until the jury rendered its verdict." (DE 521 at 1). The Court agrees with Defendants that prejudgment interest is proper in this case only from the date of the verdict until the entry of final judgment.

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a final judgment within 28 days of entry of the final judgment. See Fed. R. Civ.

1

P. 59(e). In Florida, the award of prejudgment interest is a matter of law. *TEM Enterprises, Inc. v. Dream Pac. Aviation Servs. Hong Kong, Ltd.*, 2019 WL 2105989, at *4 (S.D. Fla. 2019). The Eleventh Circuit has held that "the decision to grant prejudgment interest—and the rate at which interest is awarded—falls squarely within the discretion of the district court." *U.S. Sec. & Exch. Comm'n v. Hall*, 759 F. App'x 877, 883 (11th Cir. 2019) (citing *SEC v. Carrillo*, 325 F.3d 1268, 1273 (11th Cir. 2003)). Moreover, "Florida courts generally do not allow prejudgment interest on tort claims because damages are often too speculative to liquidate before final judgment." *KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 194 F. App'x 591, 595 (11th Cir. 2006) (awarding prejudgment interest from the date of the verdict until the entry of the final judgment) (citing *Lumbermens Mut. Cas. Co. v. Percefull*, 653 So. 2d 389, 390 (Fla. 1995)). "[P]rejudgment interest is appropriate only from the date of the jury's verdict when damages are not liquidated until the jury renders its verdict." *Id.* (citing *Checkers Drive-In Rests., Inc. v. Tampa Checkmate Food Servs.*, 805 So. 2d 941, 945 (Fla. 2d DCA 2001)). Here, the value of Plaintiffs' damages was not ascertained until the jury rendered its verdict.

Accordingly, the Court exercises its discretion to award Plaintiffs prejudgment interest on their compensatory damages from the date of the jury's verdict through the entry of final judgment. Plaintiffs' motion (DE 504) for prejudgment interest is **GRANTED IN PART and DENIED IN PART**. Plaintiffs are entitled to prejudgment interest on their compensatory damages from the date of the jury's verdict—August 15, 2019—through the date final judgment was entered in favor of Plaintiffs—August 27, 2019. By **March 13, 2020**, the Parties shall submit a joint proposed order awarding prejudgment interest as set forth in this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, this 27 day of February, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE