UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ARTURO RUBINSTEIN, et al.,

      Plaintiffs,                        Case No.: 0:17-CV-61019-KMW

v.

THE KESHET INTER VIVOS TRUST, et al.,

      Defendants.

_____/

**<u>APPEAL TO DISTRICT COURT OF MAGISTRATE'S ORDER AUTHORIZING REGISTRATION OF FINAL JUDGMENT IN FOREIGN JURISDICTIONS</u>**

    Come now the Defendants, YORAM YEHUDA, SHARONA YEHUDA, and THE KESHET INTER VIVOS TRUST, and pursuant to Rule 4(a) of this Court's Magistrate Judge Rules, hereby appeal Magistrate Torres's July 6, 2020, order authorizing registration of the Final Judgment in this case in foreign jurisdictions (Doc. 565), stating:

    1. Plaintiffs moved this Court on June 11, 2020, for an order allowing registration of the Final Judgment in foreign jurisdictions. (Doc. 564).

    2. Defendants did not respond, and on July 6, 2020, Magistrate Torres granted the motion via a paperless order.

3. Undersigned counsel is appellate counsel for the Defendants and was not retained to defend any collection efforts by the Plaintiffs in this Court or elsewhere.

4. However, after Magistrate Torres granted the Plaintiffs' motion to authorize registration of the judgment in foreign jurisdictions, undersigned counsel learned during a discussion with his clients about the appeal that the Final Judgment in this case was reduced by a California court.

5. To wit, as the attached March 11, 2020, order explains, prior to entry of the Final Judgment in this case, Mr. Yehuda prevailed in California litigation against the Plaintiffs in this case—Arturo Rubenstein and Fab Rock Investments, LLC ("Fab Rock"). As a result of the California litigation, Mr. Yehuda obtained a judgment against Fab Rock and Mr. Rubenstein in the amount of $1,193,735.68. (Ex. "A" at p. 5).

6. After Fab Rock and Mr. Rubenstein obtained the $3.5 million Final Judgment in this case, they moved the California court to have the $1,193,735.68 California judgment satisfied in whole as a credit against the $3.5 million Final Judgment entered in this case. *Id.* at 3.

7. The California Court granted the motion and extinguished the entire $1,193,735.68 California judgment "in exchange for a reduction of $1,193,735.68 from the" Final Judgment entered in this case. *Id.* at 5.

8. As a result, the $3.5 million Final Judgment Mr. Rubenstein and Fab Rock were granted leave to register in foreign jurisdictions is not worth $3.5 million.

9. Mr. Rubenstein and Fab Rock should not be permitted to register the $3.5 million Final Judgment entered in this case in other jurisdictions for purposes of collection when the Final Judgment is no longer worth $3.5 million.

10. If Mr. Rubenstein and Fab Rock wish to register the Final Judgment elsewhere, they should at least be required to request leave from this Court to amend the Final Judgment to reflect the California Court's $1,193,735.68 reduction.

11. If Mr. Rubenstein and Fab Rock are permitted to register the Final Judgment entered in this case in its current form, it will misrepresent the amount of Mr. Yehuda's indebtedness to Mr. Rubenstein and Fab Rock, create the potential for a windfall to Fab Rock and Mr. Rubenstein, and will cause Mr. Yehuda to defend collection attempts in other jurisdictions for amounts he does not owe.

12. Plaintiffs' will likely respond "too little, too late," and highlight the absence of any objection to their Motion prior to Magistrate Torres's ruling. Fair enough. But as explained above, undersigned counsel is appellate counsel, and only learned of the California order attached to this Motion after Magistrate Torres's ruling.

13. More importantly, Plaintiffs should have alerted Magistrate Torres to the reduction of the Final Judgment and the California order in their request for authorization to register the Final Judgment. Instead, of admitting they have already

3

received nearly $1.2 million of the $3.5 million Final Judgment by virtue of the California ruling, Plaintiffs said nothing, accused Defendants of hiding assets, and complained of a "serious risk of not being able to collect" on the Final Judgment.

WHEREFORE, Defendants respectfully request that this Court vacate Magistrate Torres's ruling and preclude Plaintiffs from registering the Final Judgment in foreign jurisdictions.

Dated: July 20, 2020

**THE BROWNLEE LAW FIRM, P.A.**
*/s/ Michael M. Brownlee*
Michael M. Brownlee, B.C.S.
Florida Bar Number: 068332
390 N. Orange Avenue, Ste. 2200
Orlando, FL  32801
(407) 403-5886 - telephone
(407) 422-1080 - facsimile
mbrownlee@brownleelawfirmpa.com
Appellate Counsel for Appellants

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 20th day of July, 2020, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

5

*/s/ Michael M. Brownlee*
MICHAEL M. BROWNLEE, B.C.S.
Florida Bar Number: 068332



# Final Ruling

Judge Randolph M. Hammock, Department 47

| | | |
|---|---|---|
| HEARING DATE: | **March 11, 2020** | JUDGMENT ENTERED: March 11, 2019 |
| CASE: | **Yoram Yehuda dba Malibu Development and Construction v. Arturo Rubinstein, et al.** | |
| CASE NO.: | **BC659534** | |

### (1) MOTION TO OFFSET JUDGMENT; (2) THIRD-PARTY PARVIZ FAKHERI aka PARIS FAKHERI'S MOTION TO OFFSET JUDGMENT

**STATEMENT OF MATERIAL FACTS AND/OR PROCEEDINGS:**

Plaintiff alleged that he was entitled to reimbursement of his capital contributions pursuant to an oral joint venture agreement by Defendants pertaining to the flipping of real property after the property had been sold for a profit.

Defendants Arturo Rubenstein and Fab Rock Investments move to offset the judgment. Additionally, Third-Party Parviz Fakheri also moves to offset the judgment.

**FINAL RULING:**

Defendants Arturo Rubenstein and Fab Rock Investments, LLC's motion to offset judgment is GRANTED. The *entire* judgment of $1,193,735.68 as of the date of this Order is offset by Defendants' larger judgment against Plaintiff in the Florida district court action. Accordingly, Defendants are entitled to have the entire judgment in this action deemed "satisfied in full," in exchange for a reduction of $1,193,735.68 from the judgment Defendants maintain against Plaintiff.

Third-Party Parviz Fakheri aka Paris Fakheri's motion to offset judgment is DENIED.

Pursuant to CCP § 724.050(d), the Court orders the clerk of the court to enter full satisfaction of judgment in this action. Additionally, on this Court's own motion, the previous stay issued by this Court on the execution of this judgment is hereby vacated, since there is no longer any judgment in this case upon which to be collected at this time, and the issue of the offset has been determined.

**EXHIBIT A**

1

**DISCUSSION:**

1. **Motion To Offset Judgment: Arturo Rubinstein and Fab Rock Investments, LLC**

Requests for Judicial Notice

Defendants request judicial notice of (A) the judgment in this action, entered March 11, 2019; (B) a minute order entered in this action on July 1, 2019; (C) a stipulation and order re: costs entered in this action on July 12, 2019; (D) the final judgment entered in *Rubenstein v. The Keshet Inter Vivos Trust, et al.*, United States District Court for the Southern District of Florida, Case No. 0:17-cv-61019-KMW on August 27, 2019; and (E) the ruling on motion to stay enforcement of judgment entered in this action on February 14, 2019.

These requests for judicial notice are GRANTED per Evidence Code § 452(d) (court records).

Plaintiff requests judicial notice of (1) Defendants Yoram Yehuda, Sharona Yehuda and the Keshet Inter Vivos Trust's Motion to Alter or Amend the Judgment and Renewed Motion for Judgment as a Matter of Law, filed on September 24, 2019, in *Rubenstein v. The Keshet Inter Vivos Trust, et al.*, United States District Court for the Southern District of Florida, Case No. 0:17-cv-61019-KMW; and (2) the same Defendants' Reply in Further Support of their Motion to Alter or Amend the Judgment, filed on December 9, 2019, in the same case.

These requests are GRANTED per Evidence Code § 452(d) (court records).

Analysis

"Where cross-demands for money have existed between persons at any point in time . . . , and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other . . . ." (CCP § 431.70.) Here, Defendants Arturo Rubinstein and Fab Rock Investments, LLC asserted the defense of offset in their answer to Plaintiff's complaint: their fourteenth affirmative defense alleges that "[a]ny damages which Defendant may owe to Plaintiff are offset by damages owed by Plaintiff to Defendants." (Answer, at p. 5 ¶ 14.)

On August 27, 2019, in *Rubenstein v. The Keshet Inter Vivos Trust, et al.*, United States District Court for the Southern District of Florida, Case No. 0:17-cv-61019-KMW, Defendants Arturo Rubenstein and Fab Rock Investments obtained a judgment against Plaintiff Yoram Yehuda and others in the amount of $3,500,000, not including interest pursuant to 28 U.S.C. § 1961. (Defendants' RJN, Exh. D.)

In this case, on March 11, 2019, Plaintiff obtained a judgment against Defendants in the amount of $1,112,652.36, including costs and attorneys' fees, not including interest accruing at 10%. (Defendants' RJN, Exhs. A-C.) Although Defendants have not submitted any actual interest calculations, they assert that the amount of the judgment, with interest, will be

2

$1,200,446.28 as of the scheduled hearing date for this motion (December 24, 2019). (Motion, at p. 3.)

Accordingly, Defendants now seek to offset the judgment obtained by Plaintiff in this action, in its entirety, against the larger judgment of $3.5 million plus interest obtained by Defendants against Plaintiff in a Florida federal district court.

The doctrine of equitable offset provides "a means by which a debtor may satisfy in whole or in part a judgment or claim held against him out of a judgment or claim which he has subsequently acquired against his judgment creditor." (*Salaman v. Bolt* (1977) 74 Cal.App.3d 907, 918.) This right "exists independently of statute and rests upon the inherent power of the court to do justice to the parties before it." (*Ibid.*) An offset is "founded on the equitable principle that 'either party to a transaction involving mutual debts and credits can strike a balance, holding himself owing or entitled to the net difference.' " (*Granberry v. Islay Investments* (1995) 9 Cal.4th 738, 744.)

Offsets are routinely allowed in actions to enforce a money judgment. (*Brienza v. Tepper* (1995) 35 Cal.App.4th 1839, 1847; *Salaman, supra,* 74 Cal.App.3d at 918; *Margott v. Gem Properties, Inc.* (1973) 34 Cal.App.3d 849, 854.) Indeed, the offset of judgment against judgment is "a matter of right absent the existence of facts establishing competing equities or an equitable defense precluding the offset." (*Keith G. v. Suzanne H.* (1998) 62 Cal.App.4th 853, 859.)

Plaintiff argues that the federal judgment cannot be used to offset the judgment in this case because the parties have filed post-trial motions in the federal case and therefore there is "uncertainty surrounding the Florida judgment," which could still be altered. (Plaintiff's RJN, Exhs. 1, 2; Oppo., at p. 5.) Plaintiff also argues that the judgment in that case has not been registered in California and therefore cannot be enforced in California.

As to the potential for the federal judgment to be altered in light of post-trial motions, perhaps William Shakespeare said it best: "Until I know this sure uncertainty, I'll entertain the offered fallacy."[1] As Defendants note, even the judgment in this case is "uncertain" in the sense that Defendants have appealed it. It is nevertheless final and would be enforceable had Defendants not successfully sought to stay enforcement of the judgment in light of the Florida federal action. (Defendants' RJN, Exh. E.) Similarly, the judgment in the Florida federal action is final. Under Federal Rule of Civil Procedure 62, enforcement of a judgment is automatically stayed for 30 days after its entry, "unless the court orders otherwise." (FRCP 62(a).) That thirty-day period has already expired, however, and absent any order to the contrary, that judgment is final. (*Hyan v. Hummer* (9th Cir. 2016) 825 F.3d 1043, 1046 ["A decision is final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"].)

As to Plaintiff's argument that the Florida federal judgment has not been registered in California and therefore cannot be enforced here, Defendants are not seeking to enforce that judgment in California. Rather, Defendants are asking this Court to recognize that Plaintiff owes them a money judgment that offsets the amount they owe Plaintiff based on this Court's

---

[1] William Shakespeare, *The Comedy of Errors: Third Series*, at p. 192 (Bloomsbury Publishing).

3

judgment. If this Court could not offset the judgment in this manner, it would not have made sense to stay enforcement of this judgment until the Florida federal matter was resolved, as this Court did. (Defendants' RJN, Exh. E.) Indeed, in deciding to stay enforcement, this Court noted that Plaintiff "is a practitioner of making himself judgment-proof against judgment creditors" and that "[e]quity is served by waiting to see who comes out ahead once the above litigation . . . concludes." (*Id.* at p. 7.) Having come out ahead, Defendants are entitled to an offset of this judgment. Should the Florida court or this Court, or an appellate court, conclude in the future that either judgment must be modified, the amount of this offset will necessarily be taken into account.

At the original hearing of this motion on December 24, 2019, the Court ordered Defendants' counsel to file a supplemental declaration regarding how they are being harmed by the judgment in the case, given that the enforcement of this judgment has been stayed. Defendant Arturo Rubinstein declares that he is being harmed because post-judgment interest is accruing on this judgment at $304 per day, while post-judgment interest on the Florida judgment is only accruing at about $167 per day. (Declaration of Arturo Rubinstein ¶ 2.) Rubinstein also notes that Plaintiff has recorded abstracts of judgment against several of his properties, affecting his ability to refinance loans on one of those properties. (*Id.* ¶ 3.) Posting an appeal bond would not remedy these harms, as an appeal bond would also affect his ability to refinance and it might also result in Plaintiff being paid by the bonding company even though the Florida judgment exceeds this judgment. (*Id.* ¶¶ 4-5.) Rubinstein also notes that Plaintiff had filed a Notice of Lien in the Florida action, effectively attempting to obtain the same type of relief that Defendants seek here. (*Id.* ¶ 6.)

Plaintiff Yoram Yehuda and third-party judgment assignee Parviz Fakheri argue that Defendants have not shown any undue hardship or urgency and that there is no need to disturb the status quo based on Rubinstein's Declaration. This conflates the burden of proof on a motion for offset, however. In general, offset is a matter of right, in the absence of facts establishing competing equities or an equitable defense precluding the offset. (*Brienza v. Tepper* (1995) 35 Cal.App.4th 1839, 1847-1848.) No such competing equities have been shown here.

Plaintiff also argues that this motion was now moot because Plaintiff assigned his judgment to third-party Parviz Fakheri. The Court is unaware of any authority that would allow a party to circumvent another party's right to offset, after a motion to offset has been filed, by assigning the judgment to another individual. Nor is the Court aware of any authority that would then permit the third-party assignee to seek offset in this case, in which the third-party assignee himself never obtained a judgment. That separate motion is discussed below. Here, it is sufficient to state that Plaintiff has not convinced the Court that an eleventh-hour assignment of the judgment to circumvent an offset is permissible or shifts the equities away from Defendants' right to offset.[2]

---

[2] Additionally, it is a well-established principal of law that an assignee "stands in the shoes of the assignor." See generally, e.g., Berrington v. Williams (1966) 244 Cal.App.2d 132. Hence, the assignee in this case takes this judgment with all the claims and arguments which the Defendants could have made against the Plaintiff/Assignor. This is an example of one of those claims or rights.

4

As to the amount of the offset, the Court's calculations do not correspond to those of Defendants. Having not provided the Court with any actual interest calculations, the Court has reverse-engineered Defendants' proposed amount and determined that they reached it by adding together the principal amount of the judgment ($866,171), the pre-judgment interest as of the date of the judgment ($162,081.10), the attorneys' fees ($75,000), and the costs awarded ($9400.26), treated that total as the principal amount of the judgment, and calculated interest on that amount from the date of the judgment (March 11, 2019) to the date of this hearing (December 24, 2019). That is not how the Court's Civil Judgment Interest Calculator works, however. Having entered the principal amount of the judgment including prejudgment interest ($1,028,252.10) and the attorney's fees and costs into the Civil Judgment Interest Calculator, the Court arrives at a total judgment of **$1,193,735.68**. If either party believes that this calculation is in error, it may argue the specifics of its proposed calculation at the hearing. In the absence of any basis to reach any other calculation, the Court uses the amount generated by the Court's calculator.[3]

Accordingly, Defendants' motion for offset is GRANTED. The Court concludes Defendants are entitled to have the entire judgment in this action extinguished, in exchange for a reduction of $1,193,735.68 from the judgment Defendants maintain against Plaintiff.

Pursuant to CCP § 724.050(d), the Court orders the clerk of the court to enter satisfaction of judgment in this action.

## 2. Motion To Offset Judgment: Third-Party Parviz Fakheri

Request for Judicial Notice

Third-Party Parviz Fakheri requests judicial notice of (1) Plaintiff's acknowledgment of assignment of judgment filed in this case, (2) the judgment entered in Case No. BC630004, *Arturo Rubenstein v. Paris P. Fakheri*, (3) the memorandum of costs (summary) filed in Case No. BC630004, (4) a minute order granting a motion to tax costs in Case No. BC630004, (5) the motion to offset judgment filed by Arturo Rubinstein in this case; (6) the motion to alter or amend the judgment and renewed motion for judgment as a matter of law filed in *Rubenstein v. The Keshet Inter Vivos Trust, et al.*, United States District Court for the Southern District of Florida, Case No. 0:17-cv-61019-KMW on September 24, 2019, (7) the verdict following trial in Case No. BC630004, (8) Plaintiff Arturo Rubinstein's closing argument in Case No. BC630004, (9) the Statement of Decision in this case, (10) Plaintiff's Cross-Defendant's Closing Brief in this case, and (11) the reporter's transcript of the hearing on Defendant's motion to offset judgment in this case.

These requests for judicial notice are GRANTED per Evidence Code § 452(d) (court records).

---

[3] At today's hearing, both parties agreed to and submitted on this Court's calculations.

5

Analysis

Having been assigned the judgment in this case after the motion discussed above was filed, Third-Party Parviz Fakheri now argues that he is entitled to offset this judgment in favor of Plaintiff Yoram Yehuda with a judgment Fakheri obtained in another LASC case, *Rubinstein v. Fakheri*, BC630004.

"Where cross-demands for money have existed between persons at any point in time . . . , and an action is thereafter commenced by one such person, the other person **may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other** . . . ." (CCP § 431.70 (bold emphasis added).) Fakheri was not a defendant in this action and therefore never asserted such a defense. In other words, Fakheri never alleged – and never had – any right to offset in this case. The fact that Fakheri is a third party to this action means that he never "obtained" a judgment in this case – it was assigned to him. There is a difference.

As an assignee, Fakheri "would normally be subject to any defenses, including set-off," that Defendants had against Plaintiff, the assignor. (*Koffman v. Modern-Imperial Co.* (1966) 239 Cal.App.2d 135, 136.) In other words, the "assignee's rights are no greater than the assignor." (*Casiopea Bovet, LLC v. Chiang* (2017) 12 Cal.App.5th 656, 663.) Fakheri acquired Plaintiff's judgment subject to the same defenses that could be asserted against Plaintiff, including offset.

In addition, as discussed in connection with Defendants' motion, the doctrine of offset is equitable in nature. "[C]ompeting equities or an equitable defense" can preclude a party from seeking offset. (*Keith G. v. Suzanne H.* (1998) 62 Cal.App.4th 853, 859.) Here, the equities favor Defendants' right to obtain the offset they sought before this judgment was assigned, given that the Court has already found that there are no competing equities that preclude Defendants' offset. Fakheri has essentially repeated Plaintiff's arguments in opposition to that motion in arguing that this motion should be granted, but those arguments were already rejected in the context of Defendants' motion.

Last, and as an alternative or additional reason, any motion to offset the judgment in the *Rubinstein v. Fakheri*, BC630004, would seem to have to be filed and heard by the Court in that case, not this one. Since no such motion was made in that case, and since the Defendants' motion for offset was filed first in this case on December 2, 2019, this presents an additional reason why the offset requested by Defendants in in this case should take preference over the Third-Party Parviz Fakheri's motion for offset filed in this case on January 28, 2020.[4] As such, the Third-Party Parviz Fakheri's motion for offset is DENIED.

Clerk to give notice to all interested parties.

IT IS SO ORDERED.

Dated: March 11, 2020

_____
Randolph M. Hammock
Judge of the Superior Court

---

[4] See, Civil Code §3525 ["Between rights otherwise equal, the earliest is preferred."]

6

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/11/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: F. Rojas    Deputy |
| PLAINTIFF/PETITIONER:<br>Malibu Development and Construction  et al | |
| DEFENDANT/RESPONDENT:<br>Fab Rock Investments LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>BC659534 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Ruling on Submitted Matter) of 03/11/2020, Final Ruling  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Brian Matthew Grossman
Tesser | Grossman LLP
11990 San Vicente Blvd
Ste 300
Los Angeles, CA  90049-

Gennady Leonid Lebedev
LEBEDEV, MICHAEL & HELMI
10999 Riverside Dr Ste 201
Studio City, CA  91602

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/12/2020         By: ___F. Rojas_____
                                            Deputy Clerk

CERTIFICATE OF MAILING

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 47

**BC659534**  
**YORAM YEHUDA ET AL VS ARTURO RUBINSTEIN ET AL**

March 11, 2020  
2:00 PM

Judge: Honorable Randolph M. Hammock  
Judicial Assistant: F. Rojas  
Courtroom Assistant: G. Hironaka  

CSR: None  
ERM: None  
Deputy Sheriff: None

---

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

---

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 03/11/2020, now rules as follows:

The Motion re: to Offset Judgment filed by Parviz Fakheri on 01/28/2020 is Denied.

The Motion re: to Offset Judgment filed by Arturo Rubinstein, Fab Rock Investments LLC on 12/02/2019 is Granted.

A Final Ruling is issued and incorporated herein by reference.

Clerk to give notice.

Certificate of Mailing is attached.